1   CRAIG G. STAUB, Bar No. CA 172857
    LITTLER MENDELSON
2   A Professional Corporation
    2049 Century Park East
3   5th Floor
    Los Angeles, CA  90067.3107
4   Telephone:  310.553.0308
    Fax No.:    310.553.5583
5
    Attorneys for Defendants
6   UAL CORPORATION, FRANK COLOSI
    AND JONI TERAGAWACHI
7



FILED

FEB - 8 2006

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

8                UNITED STATES BANKRUPTCY COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11
    DONNA M. TRAPP, an individual        Case No. La06-
12                                               Ad06- 01338 ES
                 Plaintiff,
13
            v.                           NOTICE OF REMOVAL
14
    UAL CORPORATION aka UNITED           [28 U.S.C. §§ 1452; 1441; 1334]
15  AIRLINES; JONI TECHAWASHI;
    FRANK COLOSI; JO MARGOLF;
16  and DOES 1 TO 25, inclusive
17               Defendants.
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

Firmwide:80779389.1 045589.2055

1    Pursuant to 28 U.S.C. §§ 1334(b), 1441 and 1452, Defendant UAL

2    Corporation ("United") and individual defendants Frank Colosi ("Colosi") and Joni

3    Teragawachi ("Teragawachi") (erroneously sued and served as Joni Techawashi),

4    hereby remove case number BC 341429 from the Superior Court of the State of

5    California, Los Angeles County to the United States Bankruptcy Court for the Central

6    District of California.  In support of this Notice, Defendants state:

7        1.    On December 9, 2002 (the "Petition Date"), United filed a

8    voluntary petition for relief under Chapter 11 of Title 11 of the United States Code

9    (the "Bankruptcy Code").  United and its 27 affiliated debtors are continuing to

10   operate their businesses and manage their property as debtors in possession pursuant

11   to 11 U.S.C. § 1107(a) and 1108.

12       2.    On October 24, 2003, Plaintiff Donna M. Trapp ("Plaintiff") filed a

13   Complaint (referred to herein as the "First Adversary Complaint") against United in

14   the Superior Court of the State of California, County of Los Angeles, Case Number

15   BC 304911, alleging wrongful termination in violation of public policy,

16   defamation/libel and intentional infliction of emotional distress.  Plaintiff alleged that

17   she was subjected to unlawful treatment by United on or before October 28, 2002.

18   Complaint, ¶¶ 20-22, 40, 45.  A true and correct copy of the First Adversary

19   Complaint is attached as Exhibit A.

20       3.    On December 3, 2003, United removed the First Adversary

21   Complaint to the United States District Court, Central District of California, identified

22   as Case No. LA 03-99911XX, Adv. No. LA 03-02824-ES.

23       4.    On May 27, 2004, United filed a motion to transfer venue of the

24   First Adversary Complaint proceeding pursuant to 28 U.S.C. § 1412 to the United

25   Stated District Court for the Northern District of Illinois, for reference to the

26   bankruptcy court in which the bankruptcy cases of United and 27 of its affiliates are

27   currently pending ("the Illinois Bankruptcy Court").

28       5.    On June 22, 2004, the Honorable Erithe A. Smith, judge presiding

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.552.0308    Firmwide:80779389.1 045589.2055    1.

1   in Courtroom 1645 of the United States Bankruptcy Court, Central District of
2   California, granted United's motion to transfer venue and order the matter transferred
3   to the Illinois Bankruptcy Court before the Honorable Eugene Wedoff.

4          6.    On June 23, 2005, Judge Wedoff dismissed Plaintiff's First
5   Adversary Complaint, with prejudice, including all causes of action alleged therein.
6   Judge Wedoff deemed the First Adversary Complaint to be a filed proof of claim
7   pursuant to Rule 3001 of the Federal Rules of Bankruptcy.  A certified copy of Judge
8   Wedoff's June 23, 2005 Order dismissing the First Adversary Complaint with
9   prejudice is attached as Exhibit B.

10         7.    On October 19, 2005, Plaintiff filed the pending Complaint
11  (referred to herein as the "Second Adversary Complaint") against United, Colosi, Joni
12  Teragawachi and Jo Margolf ("Margolf").  A true and correct copy of the Second
13  Adversary Complaint is attached as Exhibit C.  By this Notice, United removes the
14  Second Adversary Complaint to the United States Bankruptcy Court, Central District
15  of California.

16         8.    The Second Adversary Complaint alleges causes of action for
17  Discrimination on the basis of Age and Disability, Harassment based on disability and
18  violation of the California Family Rights Act.  Plaintiff alleges that she sustained a
19  disabling workplace injury on June 7, 2002 and that defendants treated her unlawfully
20  in response to her alleged disability.  Although the Second Adversary Complaint
21  alleges new causes of action, it is based on virtually identical factual allegations to
22  those alleged in the First Adversary Complaint. [See Exhibit A, ¶¶ 6-31 and Exhibit C,
23  ¶¶ 8-24].  Plaintiff did not name any individual defendants in the First Adversary
24  Complaint, however, Colosi, Teragawachi and Margolf were all known to Plaintiff at
25  the time of filing the First Adversary Complaint and were specifically identified
26  therein. [See Exhibit A, ¶¶ 18-20, 45].

27         9.    Defendant United received a copy of the Second Adversary
28  Complaint via Corporation Service Company on January 9, 2006.  On January 9,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308
Firmwide:80779389.1 045589.2055                    2.

1    2006, United also received the Summons (a copy of which is attached hereto as

2    Exhibit D), Notice of Service of Process (a copy of which is attached hereto as Exhibit

3    E), Notice of Case Management Conference (a copy of which is attached hereto as

4    Exhibit F), and Notice of Case Assignment (a copy of which is attached hereto as

5    Exhibit G).

6            10.    Colosi and Teragawachi were served with the Complaint after the

7    date on which United was served. Colosi and Teragawachi join in the removal of this

8    action. Individual defendant Margolf has not been served with the Complaint as of

9    this date, however, Margolf also consents to and joins in the removal of this action.

10           11.    The removed action is a core proceeding pursuant to 28 U.S.C.

11   §157(a)(2)(A),(B) and (o).

12           12.    Pursuant to 28 U.S.C. § 1334(b), this Court has original jurisdiction

13   over all matters related to a case under Title 11. This action is related to United's

14   bankruptcy cases because Plaintiff seeks a judgment against the assets of United

15   bankruptcy estate. As such, Plaintiff's claims may directly affect the assets of the

16   estate that will be available to creditors, it is, therefore, related to United's bankruptcy

17   cases. Accordingly, this Court has original jurisdiction over the instant adversary

18   proceeding.

19           13.    Jurisdiction also exists in the Bankruptcy Court for the Northern

20   District of Illinois pursuant to 28 U.S.C. § 1334 (e) which provides that "[t]he district

21   court in which a case under Title 11 is commenced or is pending shall have exclusive

22   jurisdiction of all of the property, wherever located, of the debtor as of the

23   commencement of such case, and of property of' the estate." This action seeks to

24   recover assets of the estate, and therefore, falls squarely within the jurisdiction of the

25   Bankruptcy Court for the Northern District of Illinois. If necessary, Defendants will

26   file a Motion to Transfer Venue of the Second Adversary Complaint to the Northern

27   District of Illinois pursuant to 28 U.S.C. § 1412, similar to one file in connection with

28   the transfer of the First Adversary Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:80779389.1 045589.2055                    3.

14. Removal of this action is proper pursuant to 28 U.S.C. § 1452(a) because this Court has original jurisdiction under 28 U.S.C. 1334(b) and (e). Pursuant to Local Bankruptcy Rule 9027-1 and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure, United is filing this Notice of Removal in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

15. Pursuant to 28 U.S.C. § 1446(d), United states that it shall promptly file a copy of this Notice with the Clerk of the Superior Court of the State of California, Los Angeles County, and upon all counsel in this action.

16. United also has filed a Suggestion of Bankruptcy with the Superior Court of California to provide notice that the above-captioned action, which could have been commenced before the commencement of United's bankruptcy case, is subject to the automatic stay pursuant to 11 U.S.C. § 362. A true and correct copy of the Suggestion of Bankruptcy and Notice of Discharge is attached hereto as Exhibit H.

17. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon United in Case No. BC 341429 are attached to this Notice of Removal.

WHEREFORE, for the foregoing reasons, United respectfully requests that this Court remove this action from the Superior Court of the State of California, Los Angeles County.

Dated: February 7, 2006

Respectfully submitted,

CRAIG G. STAUB
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
UAL CORPORATION, FRANK
COLOSI AND JONI TERAGAWACHI

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:80779389.1 045589.2055                                4.

1 | Donna M. Trapp
2 | 6615 Pacific Avenue, #101
Playa Del Rey, CA 90293
3 | Telephone (310) 686-8357

**ORIGINAL FILED**

4 | Plaintiff, In Pro Per

OCT 2 4 2003

5 |

**LOS ANGELES
SUPERIOR COURT**

6 |
7 |

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10 |
11 |
12 |

13 | DONNA M. TRAPP, an individual     CASE NO.     **BC304911**

14 |     Plaintiff,     **COMPLAINT FOR DAMAGES FOR:**

15 |

16 |     1.   **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**

17 | UNITED AIR LINES, INC., a Delaware corporation; and
DOES 1 through 100, Inclusive,

18 |     2.   **DEFAMATION/LIBEL; AND**

19 |     Defendants.     3.   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20 |
21 |
22 |
23 |
24 |     Plaintiff, DONNA M. TRAPP, alleges:

25 |
26 | //
27 | //
28 | //

1

COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1. Plaintiff, DONNA M. TRAPP (hereinafter referred to as "Plaintiff") is, and at all times herein was, an individual residing in the County of Los Angeles, State of California.

2. Defendant UNITED AIR LINES, INC. (hereinafter referred to as "UNITED") is, and at all times herein mentioned was, a Delaware corporation operating in the County of Los Angeles, State of California.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible as hereinafter shown for the occurrences and injuries to Plaintiff as herein alleged.

4. Venue is proper in Los Angeles County under C.C.P. §395 and sub-venue is proper in L.A.S.C. Central District pursuant to L.A.S.C Rule 2.0 (c). The injuries and events that form the basis of this action were suffered in Los Angeles, California.

5. Plaintiff was employed by Defendant UNITED as a flight attendant from June 14, 1967. to January 7, 2003, at which time Plaintiff was forced by Defendant UNITED to resign under threat of termination.

6. In or about January 1994, in the scope of Plaintiff's employment with UNITED, Plaintiff was injured while on the job and received workers compensation benefits until Plaintiff was released to return to work in or about September 1994.

7. After Plaintiff's return to work, in or about February 1995, Plaintiff took a medical leave as a result of an infection following oral surgery and related heart problems. Plaintiff was released to work just prior to the seven (7) year limit on her medical leave status.

1    Plaintiff was reinst...d to regular full-time employee stat... of February 12, 2002.

2    9.    On or about May 13, 2002, Plaintiff began UNITED's mandatory five and a half

3
4    week re-qualification program in Chicago, Illinois.  Plaintiff received a salary while she

5    participated in the mandatory training program.

6    10.    During said re-qualification program, on or about June 7, 2002, Plaintiff sustained

7    injuries to her lower and mid-back, neck, and knee, which caused her to become disabled, when

8    she slid down the aircraft emergency slide during the requisite emergency evacuation drill and

9    the trainers, UNITED employees, failed to catch Plaintiff at the bottom of the slide.

10
11    11.    Plaintiff was examined by a UNITED nurse, Monica McAndrews, on or about

12    June 10, 2002 and again on June 12, 2002 when Plaintiff's condition worsened.  McAndrews

13    determined that Plaintiff could not return to work, and she sent a facsimile to the supervisor of

14    the re-qualification program, Bryan Decker, stating that Plaintiff was not permitted to complete

15    the last portion of the re-qualification program, the on-board flight on June 12, 2002, until she

16    became fit to fly.

17
18    12.    Bryan Decker told Plaintiff that she could not participate in the final portion of the

19    re-qualification training and thus she would have to return to Los Angeles and report to Jo

20    Margof, Supervisor of On Board Services, to sign termination papers.

21    13.    Prior to returning to Los Angeles, Plaintiff attempted to get released to work so

22    that she could participate in the final flight portion of the re-qualification training program.

23    Several UNITED company nurses and medical doctors refused to examine Plaintiff to re-evaluate

24    her for release to work, including Dr. Gary Kohn, M.D.

25    14.    On or about June 14, 2002, Plaintiff filed a workers compensation claim for those

26
27    injuries sustained during the re-qualification training program.

28    15.    On or about June 14, 2002, Plaintiff had a meeting with UNITED's human

5

COMPLAINT FOR DAMAGES

1     resources representatives, including Jo Margof, where she was informed that she would have the

2     choice of retiring with benefits or being terminated with no benefits.

3        16.    On or about June 21, 2002, Plaintiff was examined by a UNITED medical doctor,

4

5     who determined that Plaintiff was injured from the work-related accident and she was unable to

6     return to work.

7        17.    Despite the determination by the UNITED medical doctor several days prior, on

8     or about June 26, 2002, Defendant UNITED informed Plaintiff that it was investigating her

9     occupational injury of June 2002. UNITED human resources representatives again reiterated

10     that she had to decide if she wanted to retire with benefits or to be terminated with no benefits.

11        18.    In or about July 2002, Plaintiff again met with UNITED's human resources

12

13     representatives, including Jo Margof, Frank Colosi and Pam Wilson, union representative Charlie

14     Costello, and manager Carol Weaver. The UNITED supervisors expressed that they had doubts

15     that Plaintiff was injured when sliding down the emergency evacuation slide and that UNITED

16     would investigate her workers compensation claim. Plaintiff was told by her union

17

18     representative that, if she failed to cooperate in the investigation, she would be terminated.

19     Plaintiff was again told by UNITED that she had to choose between retiring with benefits and

20     being terminated with nothing. Plaintiff is informed and believes that Defendant UNITED

21     decided to terminate her prior to conducting its alleged investigation into Plaintiff's injuries and

22     workers compensation claim.

23        19.    In or about August 2002, Plaintiff again met with Jo Margof, Charlie Costello,

24

25     Carol Weaver, Frank Colosi and Pam Wilson and was again pressured to resign when told that

26     she will be terminated so they suggested she resign instead.

27        20.    On or about October 28, 2002, Jo Margof, Supervisor of On Board Services for

28     Defendant UNITED, issued a letter of charge to Plaintiff, falsely accusing Plaintiff of violating

4<br>COMPLAINT FOR DAMAGES

1    Articles 6 and 8 of UNITED's Articles of Conduct, knowing that those accusations made against

2    Plaintiff were false.  Defendant UNITED made those false accusations in the letter of charge in

3    retaliation for filing a workers compensation claim in June 2002.  Said letter of charge states

4    specifically,

5

6         "Upon your return from a Medical Leave of Absence, February 13, 1995-

7         February 11, 2002 and while attending the emergency training portion of

8         the training program, you provided false information to the Company

9         pertaining to your alleged injury of June 7, 2002...You provided false

10        and conflicting information when you misrepresented the circumstances

11        involved in the alleged injury, as well as the nature and extent of the

12        injury..."

13

14   The letter of charge was based upon the medical report of Dr. Gary Kohn, M.D., a

15   UNITED company medical doctor in Chicago, Illinois who refused to see Plaintiff in

16   June 2002 and never examined Plaintiff.  Plaintiff is informed and believe that Dr.

17   Kohn's report was knowingly fabricated and untrue.  Plaintiff is further informed and

18   believes that UNITED relied on Dr. Kohn's false report knowing that it was fabricated

19   and untrue.

20

21        21.    Article 6 of UNITED's Articles of Conduct states, "Falsely claiming sick,

22   occupational, or other paid leave or worker's compensation benefits or furnishing false

23   information concerning absence."

24

25        22.    Article 8 of UNITED's Articles of Conduct states, "Submitting or allowing to be

26   submitted false information to the Company or any falsification of Company records or reports."

27        23.    The letter of charge further states that a copy of the letter would be placed in

28   Plaintiff's personnel file.  Said letter of charge was carbon copied to Pam Wilson, Carol Weaver,

---

5

COMPLAINT FOR DAMAGES

1    Frank Colosi, and Office of Workforce Diversity.

2        24.    Plaintiff received said letter of charge on November 12, 2002.

3        25.    A hearing was set by UNITED for November 6, 2002 and was continued to
4    January 7, 2003.
5
6        26.    Plaintiff further alleges that she was not permitted by UNITED to access the
7    evidence necessary to refute the charges made by UNITED.

8        27.    Plaintiff is informed and believes that her union was not willing to help
9    her dispute the false allegations made by UNITED, as evidenced by her union representative's
10   actions throughout the investigation, including but not limited to the union representative's
11   unwillingness to file a grievance on behalf of Plaintiff despite the pleas made by Plaintiff.
12
13       28.    Plaintiff was entitled to six (6) months pay while on occupational leave if injured
14   in the scope of employment.  On or about November 2002, Plaintiff demanded the 6-months of
15   compensation in a letter to her union representative and to UNITED's human resources
16   department, but UNITED refused to pay Plaintiff and her union refused to intervene and allow
17   Plaintiff to file a grievance.
18
19       29.    On or about January 7, 2003, Plaintiff's union representative, Charlie Costello,
20   informed Plaintiff that she would be terminated, without doubt, after the hearing of that same
21   day, regardless of any evidence she produced that would refute the charges made by UNITED.

22       30.    Plaintiff is informed and believes that, after she became disabled from the injuries
23   sustained in the emergency slide accident of June 2002, rather than grant her an extended
24   disability leave, UNITED fabricated those charges against her and forced her to resign.
25
26       31.    Plaintiff was forced to resign from her employment with UNITED on January 7,
27   2003 just prior to the hearing because she had no reasonable alternative considering the
28   statements made to Plaintiff by UNITED employees, and also her union representative,

---

6

COMPLAINT FOR DAMAGES

throughout the ~~~~ investigation into these false accu~~~~ against Plaintiff.

### FIRST CAUSE OF ACTION FOR

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

32. Plaintiff repeats and incorporates by this reference, paragraphs 1 through 31, supra., as though fully set forth herein.

33. The above-described conduct of Defendant UNITED constitutes retaliation and wrongful termination of Plaintiff in violation of public policy.

34. Defendant UNITED intentionally and knowingly created and permitted working conditions for Plaintiff that were so intolerable and aggravated that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign. Plaintiff was repeatedly told that she would be terminated without doubt on January 7, 2003, and unless she resigned, she would not continue to receive the benefits to which she was entitled. Thus, by creating a situation where Plaintiff was compelled to resign, Plaintiff's employment was terminated by UNITED on January 7, 2003 when she resigned.

35. That the conduct of Defendant UNITED, in falsely accusing Plaintiff of reporting false information to the company regarding an occupational leave and workers compensation benefits, and by engaging in conduct that forced Plaintiff to resign, caused Plaintiff to suffer economic damages in the form of lost wages and other employment benefits, including 6-months of salary for occupational leave, according to proof at trial.

36. That as a proximate result of the acts of Defendant UNITED, as described above, Plaintiff has suffered physical and mental injuries in an amount to be ascertained at the time of trial.

7
COMPLAINT FOR DAMAGES

37.   As a proximate result of the acts of Defendant UNITED, Plaintiff has suffered and continues to suffer humiliation, mental and physical distress, anxiety, nervousness, stress, and has been generally damaged in an amount to be ascertained at the time of trial.

38.   That the acts of Defendant UNITED in intentionally and knowingly providing false information and making false accusation, and refusing to provide true information, about Plaintiff's injuries, her reports of those injuries and Defendant's investigation into Plaintiff's injuries and her workers compensation claim, with the intention of terminating her employment and essentially "blacklisting" Plaintiff, were willful and malicious and done in conscious disregard of Plaintiff's rights, safety and well being and with the intent to vex, injure and annoy Plaintiff, as such Plaintiff requests that exemplary and punitive damages be assessed against each of these defendants in an amount sufficient to punish said Defendant and to deter others from engaging in similar conduct.

## SECOND CAUSE OF ACTION

## FOR DEFAMATION/LIBEL

### (As Against All Defendants)

39.   Plaintiff repeats and repleads all allegations contained in paragraphs 1 through 38 above, as though fully set forth in this cause of action.

40.   That the statements made by Defendant UNITED, by and through its employees and supervisors, as set forth in paragraphs 20 through 22 above, were knowingly false and defamatory. Based on those knowingly false statements, Defendant UNITED forced Plaintiff to resign because of the alleged falsification of company records and making a false claim for workers compensation.

41.   That the false and defamatory statements of defendant UNITED, which pertain to

8
COMPLAINT FOR DAMAGES

1  Plaintiff's integrity, reliability and professionalism, are proved to have caused actual damage

2  to Plaintiff's reputation as a matter of law. Those false and defamatory statements have a

3  tendency to injure Plaintiff in her occupation and they exposed Plaintiff to hatred, contempt and

4  ridicule.

5

6     42.     Those statements are defamatory "per se" because they falsely accuse Plaintiff of

7  conduct that constitutes a crime, making a false worker's compensation claim, and they tend to

8  directly injure Plaintiff in respect to her profession and trade by imputing to her dishonesty and

9  violation of company policy, resulting in her termination.

10     43.     That, as set forth above, defendant UNITED made the aforementioned defamatory

11 statements with the intention of causing damage to Plaintiff's reputation and also to create an

12 otherwise non-existent basis for her termination.

13

14     44.     Under the principles of respondeat superior, UNITED may be held vicariously

15 liable for the defamatory statements regarding Plaintiff of its supervisors and managers in the

16 course and scope of employment.

17

18     45.     On or about October 28, 2002, Defendant UNITED created and issued, by and

19 through its Supervisor of On-board Services, Jo Margof, a letter of charge that falsely accused

20 Plaintiff of providing false and conflicting information to the Company pertaining to Plaintiff's

21 injury of June 7, 2002, misrepresenting the circumstances involved in the injury, as well as the

22 nature and extent of the injury, and making a false claim for workers compensation and

23 occupational leave. This letter was carbon copied to Pam Wilson, Carol Weaver, Frank Colosi,

24 and Office of Workforce Diversity. Further, this letter was placed in Plaintiff's personnel file at

25 UNITED. Thus, the letter was communicated to numerous people other than Plaintiff, which

26 constitutes publication of the defamatory statements.

27

28     46.     That as a proximate result of the acts of Defendant UNITED, as described above,

1    Plaintiff has suffered and continues to suffer economic damages, including lost wages, in an

2    amount to be ascertained at the time of trial.

3      47. That as a proximate result of the acts of Defendant UNITED, as described above,

4    Plaintiff has suffered physical and mental injuries in an amount to be ascertained at the time of

5    trial.

6

7      48. That as a proximate result of the acts of Defendant UNITED, as described above,

8    Plaintiff has suffered and continues to suffer humiliation, mental and physical distress, anxiety,

9    nervousness, stress, and have been generally damaged in an amount to be ascertained at the time

10   of trial.

11

12     49. That the acts of Defendant UNITED in intentionally and knowingly providing

13   false information, and refusing to provide true information, about Plaintiff's injuries, her reports

14   of those injuries and Defendant's investigation into Plaintiff's injuries and her workers

15   compensation claim, with the intention of wrongfully terminating her employment and

16   "blacklisting" Plaintiff, were willful and malicious and done in conscious disregard of Plaintiff's

17   rights, safety and well being and with the intent to vex, injure and annoy Plaintiff, as such

18   Plaintiff request that exemplary and punitive damages be assessed defendant UNITED in an

19

20   amount sufficient to punish said Defendant and to deter others from engaging in similar conduct.

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

10

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF A     I

## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As Against All Defendants)

50.     Plaintiff repeats and repleads all allegations contained in paragraphs 1 through 49, above, as though fully set forth in this cause of action.

51.     That the conduct of defendant UNITED, as described above, knowing that injury to Plaintiff was likely to result, is extreme and outrageous and exceeds all standards of decency normally associated with a civilized society; that such conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

52.     That Plaintiff did in fact suffer severe emotional distress as a direct and proximate result of the above-described conduct; that defendant UNITED either knew that their conduct would cause Plaintiff severe emotional distress, or it was reckless in its disregard of the likelihood that such conduct would result in such severe emotional distress.

53.     That as a proximate result of the acts of Defendant UNITED, as described above, Plaintiff has suffered and continues to suffer economic damages, including lost wages, in an amount to be ascertained at the time of trial.

54.     That as a proximate result of the acts of Defendant UNITED, Plaintiff has suffered and continues to suffer humiliation, mental and physical distress, anxiety, nervousness, stress, and has been generally damaged in an amount to be ascertained at the time of trial.

55.     That the acts of Defendant UNITED in intentionally and knowingly providing false information, and refusing to provide true information about Plaintiff's injuries, her reports of those injuries and Defendant's investigation into Plaintiff's injuries and her workers compensation claim and occupational leave, with the intention of wrongfully terminating her

employment a⬛  klisting" Plaintiff, were willful a⬛ ious and done in conscious

disregard of Plaintiff's rights, safety and well being and with the intent to vex, injure and annoy

Plaintiff, as such Plaintiff request that exemplary and punitive damages be assessed against

defendant UNITED in an amount sufficient to punish said Defendant and to deter others from

engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment as against Defendant, as follows:

## ON THE FIRST AND THIRD CAUSES OF ACTION

### (As Against All Defendants)

1.    For compensatory damages against all Defendants, and each of them, according to proof;

2.    For general damages against all Defendants, each of them, according to proof;

3.    For costs of suit incurred herein;

4.    For exemplary and punitive damages against each individual Defendant, according to proof;

5.    For such other and further relief as the court deems just and proper.

## ON THE SECOND CAUSE OF ACTION

### (As Against All Defendants)

1.    For compensatory damages against all Defendants, and each of them, according to proof;

2.    For general damages against all Defendants, each of them, according to proof;

3.    For special damages against all Defendants, and each of them, according to proof;

4 .    For costs incurred herein;

5 .    For exemplary damages according to proof;

6 .    For such other and further relief as the court deems just and proper.

Dated: October _25_, 2003

By:    _Donna Trapp_
       DONNA TRAPP, Plaintiff
       In Pro Per

Complaint for Damages

**Corporation Service Company**
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(888) 690-2882     sop@cscinfo.com   03CT 1305

United States Corporation Company                              The Prentice-Hall Corporation System, Inc.

## NOTICE OF SERVICE OF PROCESS

| | |
|---|---|
| Date Processed: 04-NOV-03 | Transmittal #: CA1904565P    ALL |

**To:** CHERYL TEDIO
UAL CORPORATION (UNITED AIRLINES-WHQ)
1200 EAST ALGONQUIN ROAD
ELK GROVE VILLA IL 60007

Redirect sent to:

C. TEDIO

NOV 5 2003

WHQLD

**TYPE OF REPRESENTATION:** Statutory

We enclose the following documents which were served upon:
The Prentice-Hall Corporation System, Inc.

as registered agent in  California       for
UNITED AIR LINES, INC. (ID#:  0115287)

Documents were served on  03-NOV-03   via Personal Service        ID#: N/A

**Title of Action:** DONNA M. TRAPP, ETC.
    vs.  UNITED AIR LINES, INC., ETC, ET AL.
    **Court:** LOS ANGELES COUNTY SUPERIOR COURT, CA          **Case #:** BC304911
**Nature of Case:** Wrongful Termination

| | | |
|---|---|---|
| **X** Summons | _____ Notice of Mechanic's Lien | _____ A self-addressed stamped |
| **X** Complaint | _____ Notice of Attorney's Lien | envelope enclosed |
| _____ Garnishment | _____ Notice of Default Judgment | _____ Duplicate copies of the Notice |
| _____ Subpoena | | and Acknowledgement enclosed |

**X** Other:  PROOF OF SERVICE-SUMMONS, CIVIL CASE COVER SHEET, ETC.

**Answer Due:** 30 CALENDAR DAYS
**Documents Sent:** Federal Express       ID#:
**Call Placed:** No call placed          Spoke to: N/A
**Comments:** RECEIVED AS "UNITED AIR LINES, INC., A DELAWARE CORPORATION"

**Attorney for Claimant:**
DONNA M. TRAPP
6615 PACIFIC AVENUE
#101
PLAYA DEL REY, CA 90293
310-686-8357

Form Prepared By: Larisa Mason

### Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

ATTORNEY OR PARTY WITHOUT ATTORNEY (name, state bar number, and address):
Donna Trapp, In Pro Per
6615 Pacific Avenue, Apt 101
Playa Del Rey, CA 90290

TELEPHONE NO.: (310) 686-8357    FAX NO.:
ATTORNEY FOR (Name): In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: Donna Trapp v. United Airlines, Inc.

**ORIGINAL FILED**

**OCT 24 2003**

**LOS ANGELES SUPERIOR COURT**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | BC304911  JUDGE:  DEPT: |

All five (5) items below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[X] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial post-judgment judicial supervision

3. Type of remedies sought (check all that apply):
a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive

4. Number of causes of action (specify): Three (3)

5. This case [ ] is [X] is not a class action suit.

Date: October 23, 2003

Donna Trapp, In Pro Per
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800–1812; Standards of Judicial Administration, § 19

SHORT TITLE Trapp v. United Airlines, Inc.

NUMBER

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required in all new civil case filings in the Los Angeles Superior Court**

I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 5 - 7 [ ] HOURS/[X] DAY

II. Select the correct district and courthouse location (4 steps - If you checked "Limited Case", skip to No. III, Pg. 4):

1 After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column 1, the Civil Case Cover Sheet case type you selected.

2 Check one Superior Court type of action in Column 2 below which best describes the nature of this case.

3 In Column 3, circle the reason for the court location choice that applies to the type of action you have checked.

### Applicable Reasons for Choosing Courthouse Location (See Column 3 below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injy/Prop Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

4 Fill in the information requested on page 4 in Item III; complete item IV. Sign the certificate.

| | -1- Civil Case Cover Sheet Category No. | -2- Type of Action (Check only one) | -3- Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Dam./Wrongful Death Is this an uninsured motorist case? [ ] Yes [ ] No | 1., 2., 4. |
| Other PI/PD/WD Tort | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestosis - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other PI/PD/WD (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7271 Negligent Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4. |
| Non-PI/PD/WD Tort | Business Tort (07) | [ ] A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | [ ] A6016 Intellectual Property | 2., 3. |

CIV 109 04-02

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Rule 2.0
Page 1 of 4
LA-491

SHORT TITLE: Trapp v. D____ Airlines, Inc.

CASE NUMBER:

| | -1-<br>Civil Case Cover<br>Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Non-PI/PD/WD Tort | Prof. Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Employment | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract/<br>Warranty<br>(06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not UD or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections<br>(09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage<br>(18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract<br>(37) | ☐ A6009 Contractural Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Real Property | Emn't Domn/Inv. Cond.<br>(14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels | 2. |
| | Wrongful Eviction<br>(33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property<br>(26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not em. domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer | Unlawful Detainer -<br>Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer -<br>Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration<br>Award (11) | ☐ A6115 Petition to Compel/Confirm Arbitration | 2., 5. |

---

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** LASC Rule 2.0

CIV109 04-02

Page 2 of 4

SHORTTITLE  Trapp v.  ☾  ' Airlines, Inc..  NUMBER

| -1-<br>Civil Case Cover Sheet Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| **Judicial Review (continued)** | | |
| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| Oth. Jud. Review (39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litig.** | | |
| Antitrust/Trade Reg.<br>(03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect<br>(10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litig. (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Tax. Tort/Environm (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8 |
| .. as Covrage Clms ·Frm Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | ☐ A6160  Abstract of Judgment | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2.. 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Misc. Civ. Cmplts** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Misc. Civil Petitions** | | |
| Partnership/Corp. Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | 2., 3., 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9 |
| | ☐ A6190  Election Contest | 2. |
| | ☐ A6110  Petition for Change of Name | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

CIV109 04-02

SHER/TTTLE: Trapp v. United Airlines, Inc.

-4-

III. Statement of Location: Enter the address of the accident, party residence or place of business, performance, or other circumstance indicated in No. II, Item 3 on Page 1 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER ITEM 3. WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 600 World Way<br>Los Angeles, CA  90045 |

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90045 | |

IV. Certificate/Declaration of Assignment: The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the **Stanley Mosk** courthouse in the **Central** District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above; I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on October **23** **2003** at, **Playa Del Rey,** California.

(SIGNATURE OF ATTORNEY/FILING PARTY)

Donna Trapp, IN PRO PER

# New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct courthouse location in the proper district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in ALL civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

---

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form [Superior Court Form Number 982.2(b)(1)A, revised 7/98], completely filled out (Item II. does not apply in limited civil cases) and submitted with the Civil Case Cover Sheet."

5. Payment in full of the filing fee (unless filing on behalf of state or local government or no fee is due for the type of case being filed) or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window).

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of unlimited civil cases concerning property damage, bodily injury or wrongful death occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all unlimited civil actions may be optionally filed either in the Central District or in whichever other court location the rule would allow them to be filed. When a party elects to file an unlimited jurisdiction civil action in Central District that would also be eligible for filing in one or more of the other court locations, this form must still be submitted with location and assignment information completed.

---

CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION     LASC Rule 2.0

UNITED AIR LINES, INC.                    847-700-4683                    11/18/2003 00:51

## NOTICE OF CASE-ASSIGNMENT
### LOS ANGELES SUPERIOR COURT

CASE NUMBER _____ BC304911

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | | Hon. Laurie D. Zelon | 78 | 730 |
| Hon. Helen I. Bendix | 18 | 308 | | Hon. Richard C. Hubbell | 62 | 600 |
| Hon. Elihu M. Berle | 42 | 416 | | Hon. Jane Johnson | 56 | 514 |
| Hon. Soussan Bruguera | 71 | 729 | | Hon. Morris B. Jones | 48 | 506 |
| Hon. Susan Bryant-Deason | 52 | 510 | | Hon. Dan T. Oki | 49 | 509 |
| Hon. Alan Buckner | 14 | 300 | | Hon. Marvin Lager | 38 | 412 |
| Hon. James C. Chalfant | 13 | 630 | | Hon. Malcolm H. Mackey | 55 | 516 |
| Hon. Judith C. Chirlin | 89 | 632 | | Hon. Jon M. Mayeda | 72 | 731 |
| Hon. Lawrence W. Crispo | 58 | 516 | | Hon. David L. Minning | 61 | 632 |
| Hon. J. Stephen Czuleger | 50 | 508 | | Hon. Charles W. McCoy | 308 | CCW-1408 |
| Hon. Ralph W. Dau | 57 | 517 | | Hon. Aurelio Munoz | 47 | 507 |
| Hon. James R. Dunn | 26 | 316 | | Hon. Mary Ann Murphy | 25 | 317 |
| Hon. Lee Edmon | 68 | 617 | | Hon. Rodney E. Nelson | 46 | 500 |
| Hon. Emilie Elias | 3 | 224 | | Hon. Gregory O'Brien | 21 | 313 |
| Hon. Irving Feffer | 51 | 511 | | Hon. Victor H. Person | 30 | 416 |
| Hon. Edward A. Ferns | 69 | 621 | | Hon. Mel Recana | 45 | 632 |
| Hon. Madeleine Flier | 37 | 413 | | Hon. Andria K. Richey | 31 | 407 |
| Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Frances Rothschild | 29 | 318 |
| Hon. Haley J. Fromholz | 20 | 310 | | Hon. John P. Shook | 53 | 513 |
| Hon. Richard Fruin | 15 | 307 | | Hon. Ronald M. Sohigian | 41 | 417 |
| Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. Fumiko Wasserman | 18 | 306 |
| Hon. Paul Gutman | 34 | 408 | | Hon. Thomas L. Willhite Jr. | 23 | 315 |
| Hon. Teresa Sanchez-Gordon | 74 | 735 | | Hon. Alexander Williams III | 35 | 411 |
| Hon. Robert L. Hess | 24 | 314 | | Hon. David A. Workman | 40 | 414 |
| Hon. William Highberger | 32 | 406 | | Hon. George Wu | 33 | 409 |
| Hon. Ernest Hiroshige | 54 | 512 | | OTHER | | |

Iven to Plaintiff of record on _____

John A. Clarke, Executive Officer/Clerk

_____, DEPUTY
CLERK

vised 11/14/02
My Documents\Judge Assignments.wpd

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| In re:<br>UAL Corporation, et al.,<br><br>          Debtors, | Chapter 11<br><br>Case No. 02-B-48191<br>(Jointly Administered)<br><br>Honorable Eugene R. Wedoff |
| Donna M. Trapp<br><br>          Plaintiff,<br><br>   v.<br><br>United Air Lines, Inc.,<br><br>          Defendant. | Adv. Proc. 04-04151 |

## ORDER DISMISSING ADVERSARY PROCEEDING AND CLAIMS OF DONNA TRAPP

Upon consideration of Plaintiff Donna M. Trapp's ("Plaintiff") complaint against United Air Lines, Inc. ("United") (the "Complaint," [Adv. Proc. Docket No. 1]); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Complaint having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor; it is HEREBY ORDERED:

1.    The above-captioned adversary proceeding is dismissed with prejudice.

2.    The Adversary Complaint, including all causes of action stated therein, shall be deemed a filed proof of claim pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure.

KAB 10603091.1

This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the clerk of the United States Bankruptcy Court for the Northern District of Illinois.

KENNETH S. GARDNER
CLERK OF COURT

By_____
Deputy Clerk

Dated____ JAN 26 2006

3.    The Debtors retain all rights to object to such proof of claim in accordance with the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

4.    Poorman-Douglas, as United's notice and claims agent, is hereby authorized and directed to update the Debtors' claims register to reflect the expungement or reclassification of claims directed by this Order.

5.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

6.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

Dated: _____, 2005
        Chicago, Illinois

Hon. Eugene R. Wedoff
United States Bankruptcy Judge

JUN 2 3 2005

2

DONNA M. TRAPP
6615 Pacific Ave. Apt. 101
Playa del Rey, CA 90293
310-686-8357

Plaintiff, In Pro Per

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 1 4 2005

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
J. SUNGA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| DONNA M. TRAPP | Case No. BC341429 |
| Plaintiff, | Judge |
| | Dept. |
| vs. | |
| UAL CORPORATION aka UNITED AIRLINES; JONI TECHAWASHI; FRANK COLOSI; JO MARGOLF; and DOES 1 to 25, inclusive, | COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS |
| Defendants. | |
| | Complaint Filed: October 13, 2005 |
| | Trial Date: None Set |
| | Discovery Cutoff: None Set |
| | Motion Cutoff: None Set |



-1-

COMES NOW Plaintiff DONNA M. TRAPP and for her causes of action against UAL
CORPORATION aka UNITED AIRLINES; JONI TECHAWASHI; FRANK COLOSI; JO
MARGOLF; and DOES 1 to 25, inclusive ("Defendants"), alleges as follows:

## PRELIMINARY ALLEGATIONS

1.    At all relevant times Plaintiff DONNA M. TRAPP ("Trapp" or "Plaintiff") is
and was an individual residing in the County of Los Angeles, State of California.

2.    At all relevant times Defendant UAL CORPORATION aka UNITED
AIRLINES ("UAL") is and was a corporation formed under the laws of the State of Delaware, and
doing business in the County of Los Angeles, State of California.

3.    On information and belief, at all relevant times Defendant JO MARGOLF is
and was an individual residing in the County of Los Angeles, State of California.

4.    On information and belief, at all relevant times Defendant JONI
TECHAWASHI is and was an individual residing in the County of Cook, State of Illinois.

5.    On information and belief, at all relevant times Defendant FRANK COLOSI
is and was an individual residing in the County of Cook, State of Illinois.

6.    The true names and capacities of the Defendants named herein as Does 1 to
25 inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or
otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names
pursuant to California Code of Civil Procedure Section 474. Plaintiff will amend this complaint to
show such true names and capacities when they have been determined.

7.    Plaintiff has filed a complaint with and received a right to sue notice from the
California Department of Fair Employment and Housing with respect to each named Defendant.

## GENERAL ALLEGATIONS

8.    Plaintiff was employed by UAL as a flight attendant from on or about June
14, 1967 to on or about January 7, 2003. At that time UAL forced Plaintiff to resign under threat of

1  termination.

2      9.    In or about January 1994, Plaintiff was injured on the job and received

3  workers compensation benefits. Plaintiff was released to return to work in or about September

4  1994.

5      10.    In or about February 1995, Plaintiff went on medical leave due to an

6  

7  infection following oral surgery and related heart problems, as well as lupus. Plaintiff was released

8  and returned to work on or about February 12, 2002, just before the seven (7) year limit on her

9  medical leave.

10      11.    On or about May 13, 2002, Plaintiff began UAL's mandatory five and one

11  half week re-qualification program in Chicago, Illinois. Plaintiff received a salary while she

12  participated in the mandatory training program and while waiting for training.

13      12.    During the re-qualification program, on or about June 7, 2002, Plaintiff was

14  

15  required to slide down the aircraft emergency slide during an evacuation drill. UAL's trainers

16  failed to catch Plaintiff at the bottom of the slide. Plaintiff injured her lower and mid-back, neck

17  and knee, which caused her to become disabled.

18      13.    On or about June 10, 11 and 12, 2002, a UAL nurse examined Plaintiff and

19  

20  on or about June 12, 2005, determined Plaintiff was not able to return to work at that time and

21  would not be permitted to complete the re-qualification program until she was fit to fly.

22      14.    On or about June 13, 2005, UAL told Plaintiff to return to Los Angeles,

23  report to Jo Margolf, Supervisor of On Board Services, to sign termination papers. Plaintiff

24  attempted to get released back to work to complete re-qualification and avoid termination, but a

25  UAL physician refused to examine her.

26      15.    In or about June 2002, Plaintiff filed a workers compensation claim against

27  UAL for her injuries sustained on or about June 7, 2002, during the re-qualification program.

28      16.    On or about June 14, 2002, Plaintiff met with UAL human resources

COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS

representatives, including Jo Margolf. UAL, through Margolf and, on information and belief, at the

insistence of Defendants Joni Techawashi and Frank Colosi of UAL Human Resources, told

Plaintiff she could either resign with benefits or she would be terminated without benefits.

17.    On or about June 21, 2002, a UAL physician examined Plaintiff and found

she was injured from the work-related accident and she was unable to return to work.

18.    In or about July and August 2002, UAL informed Plaintiff that UAL had

doubts about whether Plaintiff was injured in the slide incident and was investigating her workers

compensation claim, and accused Plaintiff of giving false information to the company. Plaintiff's

union representative told Plaintiff that if she refused to cooperate in the investigation she would be

terminated. UAL repeated that Plaintiff could either retire with benefits or be terminated with none.

19.    In or about August 2002, Plaintiff met with Defendants Jo Margof and other

UAL representatives, and was again told she would be terminated if she did not resign. On or about

October 28, 2002, UAL issued a letter of charge to Plaintiff alleging she falsified the nature and

extent of her workers compensation injury and disability, and giving false information concerning

the circumstances surrounding the injury of 6/7/02.

20.    Plaintiff is informed and believes that her union was not willing to help her

dispute the false allegations made by UAL, as evidenced by her union representative's actions

throughout the investigation, including but not limited to the union representative's unwillingness to

file a grievance on behalf of Plaintiff for her occupational leave pay.

21.    Plaintiff was entitled to six (6) months pay while on occupational leave if

injured in the scope of employment. UAL refused to pay this and Plaintiff's union refused to

intervene and allow Plaintiff to file a grievance.

22.    UAL set a hearing on Plaintiff's job status for January 8, 2003.

23.    On or about January 7, 2003, Plaintiff's union representative Charlie

Costello, informed Plaintiff that she would be terminated, without doubt, after the hearing on

-4-

January 8, 2003, regardless of any evidence she produced to refute UAL's charges.

24.    Plaintiff was forced to resign from UAL on January 7, 2003.

### FIRST CAUSE OF ACTION

### (Discrimination Based Upon Disability – Govt. Code 12940

### By Plaintiff Against Defendant UAL)

25.    Plaintiff realleges and incorporates in this cause of action paragraph numbers 1 through 24.

26.    UAL was the employer of Plaintiff who was an employee.

27.    On or about June 7, 2003, Plaintiff became disabled as the result of a work-related injury when she slid off the end of an emergency evacuation slide during re-qualification training at UAL.

28.    UAL denied Plaintiff reasonable accommodation and made decisions adverse to Plaintiff in regard to compensation, benefits, terms, conditions, privileges and existence of employment based upon Plaintiff's disability, including the back, neck and knee injuries she suffered in the re-qualification slide accident of June 7, 2002. By way of example and not limitation, UAL refused to allow Plaintiff to pursue re-qualification, to go to work, denied her occupational leave and leave pay, falsely charged her with making false injury claims, and constructively terminated her employment.

29.    On or about January 7, 2003, and prior thereto, UAL and Plaintiff's union representative communicated to Plaintiff that UAL would definitely terminate Plaintiff, without benefits, at the hearing on January 8, 2003, unless she resigned first, in which case she would continue to receive health insurance and free flight pass benefits. Plaintiff was constructively terminated (resigned) on or about January 7, 2003.

30.    UAL made these adverse employment decisions based upon its perception of Plaintiff's disability contrary to Government Code section 12940.

COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS

31.     This wrongful conduct proximately caused Plaintiff to suffer injury, damage, loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical injury, pain and suffering, mental and emotional distress, and other general, special and statutory damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect her rights and will incur reasonable attorneys' fees as part of her damages.

32.     Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her job as a flight attendant for UAL.

33.     UAL's conduct as set forth above was malicious, oppressive, fraudulent, vexatious, despicable and not to be tolerated by civilized society. UAL's conduct entitles Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

### SECOND CAUSE OF ACTION

### (Retaliation Based Upon Assertion of Disability Rights – Govt. Code § 12940

### By Plaintiff Against All Defendants)

34.     Plaintiff realleges paragraph numbers 1 through 33.

35.     Plaintiff engaged in legally protected activities including but not limited to asserting her right to be free from disability discrimination and her right to file workers' compensation claims for work-related injuries resulting in disability, and her right to be free from retaliation for the assertion of such rights.

36.     UAL, through Defendants Joni Techawashi, Frank Colosi and Jo Margolf subjected Plaintiff to adverse employment actions, including refusing to provide Plaintiff with reasonable accommodation for her disability, refusing to allow Plaintiff to pursue re-qualification, preventing Plaintiff from going to work, denying her occupational leave pay, falsely charging her with making false injury/workers compensation claims, and constructively terminating her employment.

37.     Plaintiff's protected activity was a motivating factor for UAL's adverse

1    employment actions.

2         38.    This wrongful conduct proximately caused Plaintiff to suffer injury, damage,

3    loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical

4    injury, pain and suffering, mental and emotional distress, and other general, special and statutory

5    damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect

6    her rights and will incur reasonable attorneys' fees as part of her damages.

7         39.    Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her

8    job as a flight attendant for UAL.

9

10        40.    Defendants Techawashi, Colosi and Margolf were in part acting within the

11   course and scope of their employment by UAL and were, at least in part, serving a purpose of their

12   own in carrying out the above misconduct against Plaintiff. Defendants Techawashi, Colosi and

13   Margolf were motivated, at least partly, by malice and ill will toward plaintiff.

14

15        41.    Defendants' misconduct, as more fully alleged above, and incorporated

16   herein, was malicious, fraudulent, oppressive and despicable, entitling Plaintiff to an award of

17   punitive and exemplary damages in an amount to be proven.

18                          **THIRD CAUSE OF ACTION**

19   **(Harassment Based Upon Disability – Hostile Environment – Govt. Code § 12940**

20                     **by Plaintiff against all Defendants)**

21

22        42.    Plaintiff realleges paragraph nos. 1 through 40 as though fully set forth.

23        43.    All Defendants subjected Plaintiff to unwelcome conduct that was based on

24   Plaintiff's disabilities, that was sufficiently pervasive and severe to alter the work environment and

25   create an abusive working environment. The unwelcome conduct was based on Plaintiff's

26   disabilities and unreasonably interfered with her job performance and/or created an intimidating,

27   hostile, or offensive working environment. This conduct violated Government Code section 12940,

28   including subsection (j).

COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS

44.     All Defendants failed to meet their mandatory obligation under Government Code section 12940(j) that they "shall take all reasonable steps to prevent harassment from occurring."

45.     All Defendants knew or should have known of the harassment and failed to take immediate and appropriate corrective action in violation of Government Code section 12940(k).

46.     This wrongful conduct proximately caused Plaintiff to suffer injury, damage, loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical injury, pain and suffering, mental and emotional distress, and other general, special and statutory damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect her rights and will incur reasonable attorneys' fees as part of her damages.

47.     Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her job as a flight attendant for UAL.

48.     Defendants Techawashi, Colosi and Margolf were in part acting within the course and scope of their employment by UAL and were, at least in part, serving a purpose of their own in carrying out the above misconduct against Plaintiff. Defendants Techawashi, Colosi and Margolf were motivated, at least partly, by malice and ill will toward plaintiff.

49.     Defendants' misconduct, as more fully alleged above, and incorporated herein, was malicious, fraudulent, oppressive and despicable, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## FOURTH CAUSE OF ACTION

### (Violation of California Family Rights Act – Govt. Code § 12945.2

### by Plaintiff against Defendant UAL)

50.     Plaintiff realleges paragraph nos. 1 through 47 as though fully set forth.

51.     Defendant UAL refused to grant requests by Plaintiff to take up to a total of

12 workweeks in any 12-month period for family care and medical leave, including leave to care for a parent who has a serious health condition, as well as leave because of Plaintiff's own serious health condition. Plaintiff's serious health conditions required the continuing treatment or continuing supervision by a health care provider. Defendant's conduct violated Government Code § 12945.2.

52. This wrongful conduct proximately caused Plaintiff to suffer injury, damage, loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical injury, pain and suffering, mental and emotional distress, and other general, special and statutory damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect her rights and will incur reasonable attorneys' fees as part of her damages.

53. Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her job as a flight attendant for UAL.

54. Defendants' misconduct, as more fully alleged above, and incorporated herein, was malicious, fraudulent, oppressive and despicable, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

**FIFTH CAUSE OF ACTION**

**(Discrimination Based Upon Age – Govt. Code 12940**

**By Plaintiff Against Defendant UAL)**

55. Plaintiff realleges and incorporates in this cause of action paragraph numbers 1 through 24.

56. UAL was the employer of Plaintiff who was an employee.

57. UAL made decisions adverse to Plaintiff in regard to compensation, benefits, terms, conditions, privileges and existence of employment based upon Plaintiff's age, over 40.

58. On or about January 7, 2003, and prior thereto, UAL and Plaintiff's union representative communicated to Plaintiff that UAL would definitely terminate Plaintiff, without

-9-

1    benefits, at the hearing on January 8, 2003, unless she resigned first, in which case she would

2    continue to receive health insurance and free flight pass benefits.

3           59.      UAL made these adverse employment decisions based upon Plaintiff's age,

4    over 40, contrary to Government Code section 12940.

5           60.      This wrongful conduct proximately caused Plaintiff to suffer injury, damage,

6

7    loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical

8    injury, pain and suffering, mental and emotional distress, and other general, special and statutory

9    damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect

10    her rights and will incur reasonable attorneys' fees as part of her damages.

11           61.      Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her

12    job as a flight attendant for UAL.

13           62.      UAL's conduct as set forth above was malicious, oppressive, fraudulent,

14

15    vexatious, despicable and not to be tolerated by civilized society. UAL's conduct entitles Plaintiff

16    to an award of punitive and exemplary damages in an amount to be proven.

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS

10/12/2005 17:57 FAX 949 70.  .75       LYON LAW                          002/002

### PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

On all causes of action:

For general and special compensatory damages;

For punitive damages;

For statutory damages under Government Code section 12940 et seq.

For reasonable attorneys' fees.

For an injunction ordering Plaintiff reinstated in her job (including back wages and benefits).

For such other relief as the court deems just and proper.

DATED: October 12, 2005                      DONNA M. TRAPP

DONNA M. TRAPP,
Plaintiff, In Pro Per

-11-

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UAL CORPORATION aka UNITED AIRLINES; JONI
TECHAWASHI; FRANK COLOSI; JO MARGOLF; and DOES 1 to 25,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONNA M. TRAPP

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br>*(El nombre y dirección de la corte es):* <br> LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL <br>DISTRICT; 111 N HILL ST; LOS ANGELES, CA 90012 | CASE NUMBER: <br>*(Número del Caso):* <br> BC 341429 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DONNA M. TRAPP; 6615 PACIFIC AVE APT 101, PLAYA DEL REY CA 90293; 310-686-8357

| DATE: <br>*(Fecha)* OCT 1 4 2005 | John A. Clarke | Clerk, by <br>*(Secretario)* | J. SUNGA | , Deputy <br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☒ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* UAL Corporation aka United Airlines

under ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
     ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
     ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
     ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc. | www.USCourtForms.com



O6LT2703

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

RZG / ALL
Transmittal Number: 4308854
Date Processed: 01/09/2006

Primary Contact:     Cheryl Tedio
                     UAL Corporation (United Airlines)
                     1200 East Algonquin Road
                     Elk Grove Village, IL 60007

| | |
|---|---|
| Entity: | Ual Corporation |
| | Entity ID Number 0220042 |
| Entity Served: | UAL Corporation aka United Airlines |
| Title of Action: | Donna M. Trapp vs. UAL Corporation |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court: | Los Angeles County Superior Court, California |
| Case Number: | BC341429 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 01/09/2006 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Donna M. Trapp |
| | 3106868357 |

C. TEDIO

JAN 1 0 2006

WHQLD

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

310 812 7443    NORTHROP GRUMMA    11 54 32 =    12-14-2005    1 /1

NOTICE SENT TO:

Trapp, Donna M.
6615 Pacific Avenue #101
Playa Del Rey        CA    90293

**ORIGINAL FILED**

OCT 1 8 2005

**LOS ANGELES
SUPERIOR COURT**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | CASE NUMBER |
|---|---|---|---|
| DONNA M TRAPP | | Plaintiff(s), | BC341429 |
| | VS. | | |
| UAL CORPORATION ET AL | | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for _March 3, 2006_ at _8:30 am_ in Dept._31_ at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to CRC 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and CRC 200 et seq.

Date: _October 18, 2005_

_____
Judicial Officer

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: _October 18, 2005_

John A. Clarke, Executive Officer/Clerk

by_____, Deputy Clerk

CIV 132 10-03 LASC Approved

## NOTICE OF CASE ASSIGNMENT
### LOS ANGELES SUPERIOR COURT

CASE NUMBER _____ BC341429

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.  There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. William Highberger | 32 | 406 | |
| | Hon. Alice E. Altoon | 28 | 318 | | Hon. Ernest Hiroshige | 54 | 512 | |
| | Hon. Conrad Aragon | 49 | 509 | | Hon. Jane Johnson | 56 | 514 | |
| | Hon. Helen I. Bendix | 18 | 308 | | Hon. Morris B. Jones | 48 | 506 | |
| | Hon. Elihu M. Berle | 42 | 416 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Tricia Ann Bigelow | 23 | 315 | | Hon. Jon M. Mayeda | 72 | 731 | |
| | Hon. Soussan Bruguera | 71 | 729 | | Hon. Rita Miller | 16 | 306 | |
| | Hon. Susan Bryant-Deason | 52 | 510 | | Hon. David L. Minning | 61 | 632 | |
| | Hon. James C. Chalfant | 13 | 630 | | Hon. Aurelio Munoz | 47 | 507 | |
| | Hon. Victoria Chaney | 324 | CCW | | Hon. Mary Ann Murphy | 25 | 317 | |
| | Hon. Judith C. Chirlin | 89 | 532 | | Hon. Rodney E. Nelson | 46 | 500 | |
| | Hon. Ralph W. Dau | 57 | 517 | | Hon. Joanne O'Donnell | 37 | 413 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Victor H. Person | 39 | 415 | |
| | Hon. James R. Dunn | 26 | 316 | | Hon. Mel Recana | 45 | 529 | |
| | Hon. Lee Edmon | 68 | 617 | | Hon. Andria  K. Richey | 31 | 407 | ✕ |
| | Hon. William F. Fahey | 78 | 730 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Irving Feffer | 51 | 511 | | Hon. John P. Shook | 53 | 513 | |
| | Hon. Edward A. Ferns | 69 | 621 | | Hon. Ronald M. Sohigian | 41 | 417 | |
| | Hon. Kenneth R. Freeman | 64 | 601 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Haley J. Fromholz | 20 | 310 | | Hon. Mary Thornton House | 17 | 313 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Terry Green | 14 | 300 | | Hon. John Shepard Wiley, Jr | 50 | 508 | |
| | Hon. Elizabeth A. Grimes | 30 | 400 | | Hon. David A. Workman | 40 | 414 | |
| | Hon. Paul Gutman | 34 | 408 | | Hon. George Wu | 33 | 409 | |
| | Hon. Robert L. Hess | 24 | 314 | | | 35 | 411 | |
| | | 3 | 224 | | OTHER | | | |

Given to Plaintiff of record on _____

John A. Clarke, Executive Officer/Clerk

_____, DEPUTY CLERK

Revised 01/01/05
c:\My Documents\Judge Assignments.wpd

## Superior Court of California, County of Los Angeles, Central District
## NOTICE OF CASE ASSIGNMENT

The following critical provisions of the Chapter 7 Rules as applicable in the Central District are summarized for your assistance.

### APPLICATION

The Chapter 7 Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned I/C Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days prior to the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions and special jury instructions and special jury verdicts; so that such matters may be heard and resolved at this conference. At least 5 days prior to this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter 7 Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter 7 Rules. Such sanctions may be on a party or if appropriate on counsel for such party.

This is not a complete delineation of the Chapter 7 Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth St., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court 1800 et seq. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

## LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS

### CRC 201.9(c)
Information about Alternative Dispute Resolution

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

### ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation and settlement conferences are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**    A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure (CCP) 1775-1775.15, California Rules of Court (CRC) 1620-1622 and 1630-1639, Evidence Code 1115-1128, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**ARBITRATION**    A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure (CCP) 1141.10-1141.31, California Rules of Court (CRC) 1600-1618, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**SETTLEMENT**    A neutral third party called a settlement officer, who is also a retired judge, assists the parties in
**CONFERENCE**    negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

### JURISDICTIONAL LIMITATIONS

**MEDIATION &**    Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not
**ARBITRATION**    previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation or arbitration by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT**    Any case, regardless of the amount in dispute, may be ordered to a settlement conference.
**CONFERENCE**    There is no monetary limit.

### REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

### NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

**PARTY PAY PANEL**   The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**   The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRIVATE NEUTRAL**   The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.

## THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| **A Mediator helps parties. . .** | **A Mediator does not...** |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
|  | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
**(213) 738-2621**
(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)

---

## THIS IS A TWO-SIDED DOCUMENT.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF.

DEFENDANT

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER. |
|---|---|

The undersigned parties stipulate to participate in Alternative Dispute Resolution (ADR) in the above-entitled action, as follows:

**1. ALTERNATIVE DISPUTE RESOLUTION PROCESS:**
   ☐ Mediation
   ☐ Non-Binding Arbitration
   ☐ Binding Arbitration
   ☐ Settlement Conference
   ☐ Other ADR Process (describe): _____

**2. NEUTRAL:**
   ☐ Court Panel: The parties request the assignment of one of the following neutrals from the Court's

   ☐ Pro Bono Panel (no charge to the parties for the first 3 hours of hearing time)
      ☐ **The parties request that the ADR Clerk select the neutral.**

      **If neither choice of neutral is available, the Court's ADR Office will select the neutral.**

   ☐ Party Pay Panel ($150.00 per hour charge to the parties for the first 3 hours of hearing time)

   *First choice:* _____    *Alternate:* _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ **Additional signature(s) on reverse**

ADR 001 10-04
LASC Approved

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 201.9
Page 1 of 2

| Short Title | Case Number |
|---|---|
|  |  |

| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

1   CRAIG G. STAUB, Bar No. CA 172857
    LITTLER MENDELSON
2   A Professional Corporation
    2049 Century Park East
3   5th Floor
    Los Angeles, CA 90067.3107
4   Telephone:   310.553.0308
    Fax No.:     310.553.5583
5
    Attorneys for Defendants
6   UAL CORPORATION, FRANK COLOSI AND
    JONI TERAGAWACHI
7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB - 7 2006

John A. Clarke, Executive Officer/Clerk
By _____ ,Deputy
L. ZULUETA

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF LOS ANGELES

10  DONNA M. TRAPP, an individual,          Case No. BC 341429

11              Plaintiff,

12      v.                                  **SUGGESTION OF BANKRUPTCY AND**
                                            **NOTICE OF DISCHARGE**
13
    UAL CORPORATION aka UNITED
14  AIRLINES; JONI TECHAWASHI;
    FRANK COLOSI; JO MARGOLF; and
15  DOES 1 to 25, Inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:80801852.1 045589.2055

1   TO THE CLERK OF THE COURT AND PLAINTIFF DONNA M. TRAPP IN PRO PER:

2        **PLEASE TAKE NOTICE** that on the 9th day of December 2002, the United States

3   Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"),

4   entered an Order for Relief under Title 11 of Chapter 11 of the United States Code in each of the

5   following cases:

6        UAL Corporation, Case No. 02-48191;
         UAL Loyalty Services, Inc., Case No. 02-48192;
7        Confetti, Inc., Case No. 02-48193;
         Mileage Plus Holdings, Inc., Case No. 02-48194;
8        Mileage Plus Marketing, Inc., Case No. 02-48195;
9        MyPoints.com, Inc., Case No. 02-48196;
         Cybergold, Inc., Case No. 02-48197;
10       iTarget.com, Case No. 02-48198;
         MyPoints Offline Services, Inc.; Case No. 02-48199;
11       UAL Company Services, Inc., Case No. 02-48200;
12       Four Star Leasing, Inc.; Case No. 02-48201
         UAL Benefits Management, Inc.; Case No. 02-48202;
13       Domicile Management Services, Inc.; Case No. 02-48203;
         Air Wisconsin, Inc.; Case No. 02-48204
14       Air Wis Services, Inc.; Case No. 02-48205
15       United BizJet Holdings, Inc., Case No. 02-48206;
         BizJet Charter, Inc., Case No. 02-48207;
16       BizJet Fractional, Inc., Case No. 02-48208;
         BizJet Services, Inc., Case No. 02-48209;
17       United Airlines, Inc., Case No. 02-48210;
         Kion Leasing, Inc., Case No. 02-48211;
18       Premier Meeting and Travel Services, Inc., Case No. 02-48212;
19       United Aviation Fuels Corporation, Case No. 02-48213;
         United Cogen, Inc., Case No. 02-48214;
20       Mileage Plus, Inc., Case No. 02-48215;
         United GHS, Inc., Case No. 02-48216;
21       United Worldwide Corporation, Case No. 02-48217;
         United Vacations, Inc., Case No. 02-48218;  (collectively, the "Debtors").
22

23       **PLEASE TAKE FURTHER NOTICE** that pursuant to 11 U.S.C. § 362(a), the

24   Debtors' filing of their respective voluntary petitions operates as a stay, applicable to all entities, of,

25

26   among other things: (a) the commencement or continuation of all judicial, administrative, or other

27   actions or proceedings against the Debtors (i) that were or could have been commenced before the

28   commencement of the Debtors' cases or (ii) to recover any claims against the Debtors that arose

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

Firmwide:80801852.1 045589.2055                    1.

SUGGESTION OF BANKRUPTCY

1   before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against

2   any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement

3   of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors'

4   bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.

5

6       **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court entered an order

7   (the "Confirmation Order") on January 20, 2006 (the "Confirmation Date") confirming the *Debtors'*

8   *Second Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy*

9   *Code* (the "Plan").[1]  On February 1, 2006, the Plan became effective.  As set forth more specifically

10  therein, the terms of the Plan and the Plan Supplement are effective immediately upon entry of the

11  Confirmation Order and enforceable and deemed binding upon the Debtors, the Reorganized

12  Debtors, and any and all Holders of Claims or Interests (irrespective of whether such Claims or

13  Interests are impaired under the Plan or whether the Holders of such Claims or Interests accepted or

14  are deemed to have accepted the Plan), all entities that are parties to or are subject to the settlements,

15  compromises, releases, discharges, and injunctions described in the Plan or herein, each Person

16  acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and

17  unexpired leases with the Debtors.

18

19

20      A copy of the Confirmation Order, which has the Plan attached thereto as Exhibit A,

21  can be obtained from the Debtors' private website: http://www.pd-ual.com or by written request to

22  the Debtors' Solicitation Agent: Poorman-Douglas Corporation, Attn:  UAL Balloting, 10300 SW

23  Allen Boulevard, Beaverton, Oregon 97005; telephone (877) 752-5527.

24

25

26

27  [1]  All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Plan or the
        Disclosure Statement, as applicable.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

Firmwide:80801852.1 045589.2055                2.

SUGGESTION OF BANKRUPTCY

1    This Notice discusses certain key relevant future dates and deadlines with respect to

2    the Plan. This discussion is supplemented by, and entirely subject to, the terms of the Confirmation

3    Order and Plan themselves which shall govern in all events.

4
5    **PLEASE TAKE FURTHER NOTICE** that pursuant to 11 U.S.C. § 1141(d) and the

6    terms of the Plan, the Bankruptcy Court's entry of the Confirmation Order discharges and releases

7    the Debtors from Claims and Causes of Action of any nature whatsoever, including any interest

8    accrued on Claims from and after the Petition Date, whether known or unknown, against, liabilities

9    of, liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or

10   properties, regardless of whether any property shall have been distributed or retained pursuant to the

11   Plan on account of such Claims, rights, and Interests, including, without limitation, demands,

12
13   liabilities, and Causes of Action that arose before the Confirmation Date, any liability (including

14   withdrawal liability) to the extent such Claims relate to services performed by employees of the

15   Debtors prior to the Confirmation Date and that arise from a termination of employment or a

16   termination of any employee or retiree benefit program regardless of whether such termination

17   occurred prior to or after the Confirmation Date, and all debts of the kind specified in Sections

18   502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (i) a Proof of Claim or

19
20   Interest based upon such debt, right, or Interest is Filed or deemed Filed pursuant to Section 501 of

21   the Bankruptcy Code, (ii) a Claim or Interest based upon such debt, right, or Interest is allowed

22   pursuant to Section 502 of the Bankruptcy Code, or (iii) the Holder of such a Claim, right, or Interest

23   has accepted the Plan.

24
25
26
27
28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:80801852.1 045589.2055                    3.

SUGGESTION OF BANKRUPTCY

1        **PLEASE TAKE FURTHER NOTICE** that pursuant 11 U.S.C. § 524(a) and the

2 terms of the Plan, the discharge operates as an injunction against the commencement or continuation

3 of an action, the employment of process, or an act, to collect, recover or offset any debt that is

4 discharged under the Plan.

5

6 Dated: February 7, 2006

7

8                           _____

                          CRAIG G. STAUB

9                           LITTLER MENDELSON

                          A Professional Corporation

10                           Attorneys for Defendants

                          UAL CORPORATION, FRANK COLOSI

11                           AND JONI TERAGAWACHI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:80801852.1 045589.2055                       4.

## PROOF OF SERVICE BY MAIL

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, 5th Floor, Los Angeles, California 90067.3107. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On February 7, 2006, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**SUGGESTION OF BANKRUPTCY AND NOTICE OF DISCHARGE**

in a sealed envelope, postage fully paid, addressed as follows:

Donna M. Trapp, In Pro Per
6615 Pacific Avenue
Apt. 101
Playa Del Rey, CA 90292

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 7, 2006, at Los Angeles, California.

_____
Barbara Nikitas

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

PROOF OF SERVICE

| B 104<br>(Rev. 8/99) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>DONNA M. TRAPP, IN PRO PER<br><br><br>Address<br>6615 Pacific Avenue<br>Ap. 101<br>Playa Del Rey, CA  90292 | DEFENDANTS<br>UAL CORPORATION aka UNITED AIRLINES, FRANK COLOSI<br>AND JONI TERAGAWACHI   FILED<br><br>Address   FEB - 8 2006<br><br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>Deputy Clerk |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone  No.)<br>Donna M. Trapp, In Pro Per<br>6615 Pacific Avenue<br>Apt. 101<br>Playa Del Rey, CA  90292 | ATTORNEYS (if Known)<br>Craig G. Staub<br>Littler Mendelson<br>2049 Century Park East<br>Fifth Floor<br>Phone: 310. 553.0308            Fax: 310.553.5583 |
|---|---|

| PARTY (Check one box only) | ☐ 1 U.S. PLAINTIFF | ☒ 2 U.S. DEFENDANT | ☐ 3 U.S. NOT A PARTY |
|---|---|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for discrimination and harassment on the basis of age and disability..
Removal to Bankruptcy court from State Court pursuant to 28 U.S.C  §§ 1452, 1441 and 1334.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 454 | To Recover Money or Property | ☐ 455 | To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 | To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | | |
| ☐ 458 | To obtain approval for the sale of both the interest of the estate and of a co- owner in property | ☐ 434 | To obtain an injunction or other equitable relief | ☐ 459 | To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 424 | To object to or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 | To subordinate any allowed claim or interest except where such subordination is provided in a | ☒ 498 | Other (specify) Employment Litigation |

| ORIGIN OF<br>PROCEEDINGS<br>(Check one box only.) | ☐ 1 Original<br>Proceeding | ☒ 2 Removed<br>Proceeding | ☐ 4 Reinstated<br>or Reopened | ☐ 5 Transferred<br>from Another<br>Bankruptcy<br>Court | ☐ CHECK IF THIS IS A CLASS<br>ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND<br>$ None specified | OTHER RELIEF SOUGHT<br>N/A | ☐ JURY DEMAND |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>UAL Corporation | BANKRUPTCY CASE NO.<br>02-48191 |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISIONAL OFFICE | NAME OF JUDGE<br>Judge Eugene Wedoff |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF<br>Donna M. Trapp | DEFENDANT<br>UAL | ADVERSARY PROCEEDING NO.<br>LA 0302824ES |
|---|---|---|

| DISTRICT<br>Central | DIVISIONAL | NAME OF JUDGE<br>Erithe A. Smith |
|---|---|---|

| FILING FEE<br>(Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>February 7, 2006 | PRINT NAME<br>Craig G. Staub | SIGNATURE OF ATTORNEY OR PLAINTIFF) |
|---|---|---|

American LegalNet, Inc.   www.USCourtForms.com