1   DONNA M. TRAPP
    6615 Pacific Ave. Apt. 101
2   Playa del Rey, CA 90293
    310-686-8357
3
4   Plaintiff, In Pro Per

5

6

7

8

9

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**OCT 1 4 2005**

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
**J. SUNGA**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| DONNA M. TRAPP | ) Case No. **BC341429** |
|      Plaintiff, | ) |
| | ) Judge |
| vs. | ) Dept. |
| | ) |
| UAL CORPORATION aka UNITED AIRLINES; | ) **COMPLAINT FOR DISABILITY** |
| JONI TECHAWASHI; FRANK COLOSI; JO | ) **DISCRIMINATION AND** |
| MARGOLF; and DOES 1 to 25, inclusive, | ) **RELATED CLAIMS** |
| | ) |
|      Defendants. | ) |
| | ) Complaint Filed:  October 13, 2005 |
| | ) Trial Date:  None Set |
| | ) Discovery Cutoff:  None Set |
| | ) Motion Cutoff:  None Set |
| | ) |
| | ) |
| | ) |
| | ) |

-1-

COMES NOW Plaintiff DONNA M. TRAPP and for her causes of action against UAL

CORPORATION aka UNITED AIRLINES; JONI TECHAWASHI; FRANK COLOSI; JO

MARGOLF; and DOES 1 to 25, inclusive ("Defendants"), alleges as follows:

### PRELIMINARY ALLEGATIONS

1.     At all relevant times Plaintiff DONNA M. TRAPP ("Trapp" or "Plaintiff") is

and was an individual residing in the County of Los Angeles, State of California.

2.     At all relevant times Defendant UAL CORPORATION aka UNITED

AIRLINES ("UAL") is and was a corporation formed under the laws of the State of Delaware, and

doing business in the County of Los Angeles, State of California.

3.     On information and belief, at all relevant times Defendant JO MARGOLF is

and was an individual residing in the County of Los Angeles, State of California.

4.     On information and belief, at all relevant times Defendant JONI

TECHAWASHI is and was an individual residing in the County of Cook, State of Illinois.

5.     On information and belief, at all relevant times Defendant FRANK COLOSI

is and was an individual residing in the County of Cook, State of Illinois.

6.     The true names and capacities of the Defendants named herein as Does 1 to

25 inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or

otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names

pursuant to California Code of Civil Procedure Section 474.  Plaintiff will amend this complaint to

show such true names and capacities when they have been determined.

7.     Plaintiff has filed a complaint with and received a right to sue notice from the

California Department of Fair Employment and Housing with respect to each named Defendant.

### GENERAL ALLEGATIONS

8.     Plaintiff was employed by UAL as a flight attendant from on or about June

14, 1967 to on or about January 7, 2003. At that time UAL forced Plaintiff to resign under threat of

-2-

1   termination.

2        9.      In or about January 1994, Plaintiff was injured on the job and received

3   workers compensation benefits. Plaintiff was released to return to work in or about September

4   1994.

5        10.     In or about February 1995, Plaintiff went on medical leave due to an

6   infection following oral surgery and related heart problems, as well as lupus. Plaintiff was released

7   and returned to work on or about February 12, 2002, just before the seven (7) year limit on her

8   medical leave.

9

10       11.     On or about May 13, 2002, Plaintiff began UAL's mandatory five and one

11  half week re-qualification program in Chicago, Illinois. Plaintiff received a salary while she

12  participated in the mandatory training program and while waiting for training.

13       12.     During the re-qualification program, on or about June 7, 2002, Plaintiff was

14  required to slide down the aircraft emergency slide during an evacuation drill. UAL's trainers

15  failed to catch Plaintiff at the bottom of the slide. Plaintiff injured her lower and mid-back, neck

16  and knee, which caused her to become disabled.

17

18       13.     On or about June 10, 11 and 12, 2002, a UAL nurse examined Plaintiff and

19  on or about June 12, 2005, determined Plaintiff was not able to return to work at that time and

20  would not be permitted to complete the re-qualification program until she was fit to fly.

21       14.     On or about June 13, 2005, UAL told Plaintiff to return to Los Angeles,

22  report to Jo Margolf, Supervisor of On Board Services, to sign termination papers. Plaintiff

23  attempted to get released back to work to complete re-qualification and avoid termination, but a

24  UAL physician refused to examine her.

25       15.     In or about June 2002, Plaintiff filed a workers compensation claim against

26  UAL for her injuries sustained on or about June 7, 2002, during the re-qualification program.

27       16.     On or about June 14, 2002, Plaintiff met with UAL human resources

28

-3-
COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS

representatives, including Jo Margolf. UAL, through Margolf and, on information and belief, at the insistence of Defendants Joni Techawashi and Frank Colosi of UAL Human Resources, told Plaintiff she could either resign with benefits or she would be terminated without benefits.

17.     On or about June 21, 2002, a UAL physician examined Plaintiff and found she was injured from the work-related accident and she was unable to return to work.

18.     In or about July and August 2002, UAL informed Plaintiff that UAL had doubts about whether Plaintiff was injured in the slide incident and was investigating her workers compensation claim, and accused Plaintiff of giving false information to the company. Plaintiff's union representative told Plaintiff that if she refused to cooperate in the investigation she would be terminated. UAL repeated that Plaintiff could either retire with benefits or be terminated with none.

19.     In or about August 2002, Plaintiff met with Defendants Jo Margof and other UAL representatives, and was again told she would be terminated if she did not resign. On or about October 28, 2002, UAL issued a letter of charge to Plaintiff alleging she falsified the nature and extent of her workers compensation injury and disability, and giving false information concerning the circumstances surrounding the injury of 6/7/02.

20.     Plaintiff is informed and believes that her union was not willing to help her dispute the false allegations made by UAL, as evidenced by her union representative's actions throughout the investigation, including but not limited to the union representative's unwillingness to file a grievance on behalf of Plaintiff for her occupational leave pay.

21.     Plaintiff was entitled to six (6) months pay while on occupational leave if injured in the scope of employment. UAL refused to pay this and Plaintiff's union refused to intervene and allow Plaintiff to file a grievance.

22.     UAL set a hearing on Plaintiff's job status for January 8, 2003.

23.     On or about January 7, 2003, Plaintiff's union representative Charlie Costello, informed Plaintiff that she would be terminated, without doubt, after the hearing on

-4-

January 8, 2003, regardless of any evidence she produced to refute UAL's charges.

24.    Plaintiff was forced to resign from UAL on January 7, 2003.

### FIRST CAUSE OF ACTION

### (Discrimination Based Upon Disability – Govt. Code 12940

### By Plaintiff Against Defendant UAL)

25.    Plaintiff realleges and incorporates in this cause of action paragraph numbers 1 through 24.

26.    UAL was the employer of Plaintiff who was an employee.

27.    On or about June 7, 2003, Plaintiff became disabled as the result of a work-related injury when she slid off the end of an emergency evacuation slide during re-qualification training at UAL.

28.    UAL denied Plaintiff reasonable accommodation and made decisions adverse to Plaintiff in regard to compensation, benefits, terms, conditions, privileges and existence of employment based upon Plaintiff's disability, including the back, neck and knee injuries she suffered in the re-qualification slide accident of June 7, 2002. By way of example and not limitation, UAL refused to allow Plaintiff to pursue re-qualification, to go to work, denied her occupational leave and leave pay, falsely charged her with making false injury claims, and constructively terminated her employment.

29.    On or about January 7, 2003, and prior thereto, UAL and Plaintiff's union representative communicated to Plaintiff that UAL would definitely terminate Plaintiff, without benefits, at the hearing on January 8, 2003, unless she resigned first, in which case she would continue to receive health insurance and free flight pass benefits. Plaintiff was constructively terminated (resigned) on or about January 7, 2003.

30.    UAL made these adverse employment decisions based upon its perception of Plaintiff's disability contrary to Government Code section 12940.

COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS

31.    This wrongful conduct proximately caused Plaintiff to suffer injury, damage, loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical injury, pain and suffering, mental and emotional distress, and other general, special and statutory damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect her rights and will incur reasonable attorneys' fees as part of her damages.

32.    Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her job as a flight attendant for UAL.

33.    UAL's conduct as set forth above was malicious, oppressive, fraudulent, vexatious, despicable and not to be tolerated by civilized society. UAL's conduct entitles Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## SECOND CAUSE OF ACTION

### (Retaliation Based Upon Assertion of Disability Rights – Govt. Code § 12940

### By Plaintiff Against All Defendants)

34.    Plaintiff realleges paragraph numbers 1 through 33.

35.    Plaintiff engaged in legally protected activities including but not limited to asserting her right to be free from disability discrimination and her right to file workers' compensation claims for work-related injuries resulting in disability, and her right to be free from retaliation for the assertion of such rights.

36.    UAL, through Defendants Joni Techawashi, Frank Colosi and Jo Margolf subjected Plaintiff to adverse employment actions, including refusing to provide Plaintiff with reasonable accommodation for her disability, refusing to allow Plaintiff to pursue re-qualification, preventing Plaintiff from going to work, denying her occupational leave pay, falsely charging her with making false injury/workers compensation claims, and constructively terminating her employment.

37.    Plaintiff's protected activity was a motivating factor for UAL's adverse

-6-

1   employment actions.

2        38.    This wrongful conduct proximately caused Plaintiff to suffer injury, damage,

3   loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical

4   injury, pain and suffering, mental and emotional distress, and other general, special and statutory

5   damages in an amount to be proven.  Plaintiff will be required to hire attorneys in order to protect

6   her rights and will incur reasonable attorneys' fees as part of her damages.

7
8        39.    Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her

9   job as a flight attendant for UAL.

10       40.    Defendants Techawashi, Colosi and Margolf were in part acting within the

11  course and scope of their employment by UAL and were, at least in part, serving a purpose of their

12  own in carrying out the above misconduct against Plaintiff.  Defendants Techawashi, Colosi and

13  Margolf were motivated, at least partly, by malice and ill will toward plaintiff.

14
15       41.    Defendants' misconduct, as more fully alleged above, and incorporated

16  herein, was malicious, fraudulent, oppressive and despicable, entitling Plaintiff to an award of

17  punitive and exemplary damages in an amount to be proven.

18                          **THIRD CAUSE OF ACTION**

19       **(Harassment Based Upon Disability – Hostile Environment – Govt. Code § 12940**

20                        **by Plaintiff against all Defendants)**

21
22       42.    Plaintiff realleges paragraph nos. 1 through 40 as though fully set forth.

23       43.    All Defendants subjected Plaintiff to unwelcome conduct that was based on

24  Plaintiff's disabilities, that was sufficiently pervasive and severe to alter the work environment and

25  create an abusive working environment.  The unwelcome conduct was based on Plaintiff's

26  disabilities and unreasonably interfered with her job performance and/or created an intimidating,

27  hostile, or offensive working environment.  This conduct violated Government Code section 12940,

28  including subsection (j).

-7-

44.     All Defendants failed to meet their mandatory obligation under Government Code section 12940(j) that they "shall take all reasonable steps to prevent harassment from occurring."

45.     All Defendants knew or should have known of the harassment and failed to take immediate and appropriate corrective action in violation of Government Code section 12940(k).

46.     This wrongful conduct proximately caused Plaintiff to suffer injury, damage, loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical injury, pain and suffering, mental and emotional distress, and other general, special and statutory damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect her rights and will incur reasonable attorneys' fees as part of her damages.

47.     Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her job as a flight attendant for UAL.

48.     Defendants Techawashi, Colosi and Margolf were in part acting within the course and scope of their employment by UAL and were, at least in part, serving a purpose of their own in carrying out the above misconduct against Plaintiff. Defendants Techawashi, Colosi and Margolf were motivated, at least partly, by malice and ill will toward plaintiff.

49.     Defendants' misconduct, as more fully alleged above, and incorporated herein, was malicious, fraudulent, oppressive and despicable, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## FOURTH CAUSE OF ACTION

### (Violation of California Family Rights Act – Govt. Code § 12945.2

### by Plaintiff against Defendant UAL)

50.     Plaintiff realleges paragraph nos. 1 through 47 as though fully set forth.

51.     Defendant UAL refused to grant requests by Plaintiff to take up to a total of

-8-

12 workweeks in any 12-month period for family care and medical leave, including leave to care for a parent who has a serious health condition, as well as leave because of Plaintiff's own serious health condition. Plaintiff's serious health conditions required the continuing treatment or continuing supervision by a health care provider. Defendant's conduct violated Government Code § 12945.2.

52.    This wrongful conduct proximately caused Plaintiff to suffer injury, damage, loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical injury, pain and suffering, mental and emotional distress, and other general, special and statutory damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect her rights and will incur reasonable attorneys' fees as part of her damages.

53.    Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her job as a flight attendant for UAL.

54.    Defendants' misconduct, as more fully alleged above, and incorporated herein, was malicious, fraudulent, oppressive and despicable, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## FIFTH CAUSE OF ACTION

### (Discrimination Based Upon Age – Govt. Code 12940

### By Plaintiff Against Defendant UAL)

55.    Plaintiff realleges and incorporates in this cause of action paragraph numbers 1 through 24.

56.    UAL was the employer of Plaintiff who was an employee.

57.    UAL made decisions adverse to Plaintiff in regard to compensation, benefits, terms, conditions, privileges and existence of employment based upon Plaintiff's age, over 40.

58.    On or about January 7, 2003, and prior thereto, UAL and Plaintiff's union representative communicated to Plaintiff that UAL would definitely terminate Plaintiff, without

-9-

benefits, at the hearing on January 8, 2003, unless she resigned first, in which case she would continue to receive health insurance and free flight pass benefits.

59. UAL made these adverse employment decisions based upon Plaintiff's age, over 40, contrary to Government Code section 12940.

60. This wrongful conduct proximately caused Plaintiff to suffer injury, damage, loss and/or harm, including but not limited to lost wages, lost benefits, medical expenses, physical injury, pain and suffering, mental and emotional distress, and other general, special and statutory damages in an amount to be proven. Plaintiff will be required to hire attorneys in order to protect her rights and will incur reasonable attorneys' fees as part of her damages.

61. Plaintiff is entitled to an injunction ordering UAL to reinstate Plaintiff in her job as a flight attendant for UAL.

62. UAL's conduct as set forth above was malicious, oppressive, fraudulent, vexatious, despicable and not to be tolerated by civilized society. UAL's conduct entitles Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

///
///
///
///
///
///
///
///
///
///
///

-10-

COMPLAINT FOR DISABILITY DISCRIMINATION AND RELATED CLAIMS

PRAYER FOR RELIEF

1

2    WHEREFORE Plaintiff prays for relief as follows:

3    On all causes of action:

4    For general and special compensatory damages;

5    For punitive damages;

6

7    For statutory damages under Government Code section 12940 et seq.

8    For reasonable attorneys' fees.

9    For an injunction ordering Plaintiff reinstated in her job (Including back wages and

10   benefits).

11       For such other relief as the court deems just and proper.

12   DATED: October 12, 2005

13                                        DONNA M. TRAPP

14

15

16                                        DONNA M. TRAPP,
                                          Plaintiff, In Pro Per

17

18

19

20

21

22

23

24

25

26

27

28

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UAL CORPORATION aka UNITED AIRLINES; JONI
TECHAWASHI; FRANK COLOSI; JO MARGOLF; and DOES 1 to 25,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONNA M. TRAPP

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

LOS ANGELES COUNTY SUPERIOR COURT, CENTRAL
DISTRICT; 111 N HILL ST; LOS ANGELES, CA 90012

CASE NUMBER:
*(Número del Caso):*
**BC341429**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DONNA M. TRAPP; 6615 PACIFIC AVE APT 101, PLAYA DEL REY CA 90293; 310-686-8357

DATE:
*(Fecha)*   OCT 1 4 2005   John A. Clarke   Clerk, by _____ J. SUNGA, Deputy
                           *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* UAL Corporation aka United Airlines

   under [X] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. [www.USCourtForms.com]



**CSC.**

CORPORATION SERVICE COMPANY®

06LT2703

# Notice of Service of Process

RZG / ALL
**Transmittal Number: 4308854**
**Date Processed: 01/09/2006**

| | |
|---|---|
| Primary Contact: | Cheryl Tedio<br>UAL Corporation (United Airlines)<br>1200 East Algonquin Road<br>Elk Grove Village, IL 60007 |

| | | |
|---|---|---|
| Entity: | Ual Corporation<br>Entity ID Number 0220042 | **C. TEDIO** |
| Entity Served: | UAL Corporation aka United Airlines | |
| Title of Action: | Donna M. Trapp vs. UAL Corporation | JAN 1 0 2006 |
| Document(s) Type: | Summons/Complaint | |
| Nature of Action: | Discrimination | **WHQLD** |
| Court: | Los Angeles County Superior Court, California | |
| Case Number: | BC341429 | |
| Jurisdiction Served: | Illinois | |
| Date Served on CSC: | 01/09/2006 | |
| Answer or Appearance Due: | 30 Days | |
| Originally Served On: | CSC | |
| How Served: | Certified Mail | |
| Plaintiff's Attorney: | Donna M. Trapp<br>3106868357 | |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

310 812 7443          NORTHROP GRUMMA                11 54 32 -      12-14-2005        1 /1

NOTICE SENT TO:

Trapp, Donna M.
6615 Pacific Avenue #101
Playa Del Rey          CA    90293

**ORIGINAL FILED**

OCT 1 8 2005

LOS ANGELES
SUPERIOR COURT

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| DONNA M TRAPP | Plaintiff(s), | BC341429 |
| VS. | | |
| UAL CORPORATION ET AL | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  March 3, 2006  at  8:30 am  in  Dept. 31  at 111 N. Hill Street, Los Angeles, California 90012.

Pursuant to CRC 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (GC 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, CCP Sections 177.5, 575.2, 583.150, 583.360 and 583.410, GC Section 68608 (b), and CRC 200 et seq.

Date:  October 18, 2005

_____
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[ ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date:  October 18, 2005

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

CIV 132 10-03 LASC Approved

## NOTICE OF CASE ASSIGNMENT
### LOS ANGELES SUPERIOR COURT

CASE NUMBER _____ BC341429

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| | Hon. Gregory Alarcon | 36 | 410 | Hon. William Highberger | 32 | 406 | |
| | Hon. Alice E. Altoon | 28 | 318 | Hon. Ernest Hiroshige | 54 | 512 | |
| | Hon. Conrad Aragon | 49 | 509 | Hon. Jane Johnson | 56 | 514 | |
| | Hon. Helen I. Bendix | 18 | 308 | Hon. Morris B. Jones | 48 | 506 | |
| | Hon. Elihu M. Berle | 42 | 416 | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Tricia Ann Bigelow | 23 | 315 | Hon. Jon M. Mayeda | 72 | 731 | |
| | Hon. Soussan Bruguera | 71 | 729 | Hon. Rita Miller | 16 | 306 | |
| | Hon. Susan Bryant-Deason | 52 | 510 | Hon. David L. Minning | 61 | 632 | |
| | Hon. James C. Chalfant | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 | |
| | Hon. Victoria Chaney | 324 | CCW | Hon. Mary Ann Murphy | 25 | 317 | |
| | Hon. Judith C. Chirlin | 89 | 532 | Hon. Rodney E. Nelson | 46 | 500 | |
| | Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Victor H. Person | 39 | 415 | |
| | Hon. James R. Dunn | 26 | 316 | Hon. Mel Recana | 45 | 529 | |
| | Hon. Lee Edmon | 68 | 617 | Hon. Andria K. Richey | 31 | 407 | |
| | Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. Irving Feffer | 51 | 511 | Hon. John P. Shook | 53 | 513 | |
| | Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 | |
| | Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Haley J. Fromholz | 20 | 310 | Hon. Mary Thornton House | 17 | 313 | |
| | Hon. Richard Fruin | 15 | 307 | Hon. Rolf M. Treu | 58 | 516 | |
| | Hon. Terry Green | 14 | 300 | Hon. John Shepard Wiley, Jr | 50 | 508 | |
| | Hon. Elizabeth A. Grimes | 30 | 400 | Hon. David A. Workman | 40 | 414 | |
| | Hon. Paul Gutman | 34 | 408 | Hon. George Wu | 33 | 409 | |
| | Hon. Robert L. Hess | 24 | 314 | | 35 | 411 | |
| | | 3 | 224 | OTHER | | | |

Given to Plaintiff of record on _____

John A. Clarke, Executive Officer/Clerk

_____, DEPUTY CLERK

## Superior Court of California, County of Los Angeles, Central District
## NOTICE OF CASE ASSIGNMENT

The following critical provisions of the Chapter 7 Rules as applicable in the Central District are summarized for your assistance.

### APPLICATION

The Chapter 7 Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned I/.C Judge no later than 270 days after the filing of the complaint.   Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days prior to the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions and special jury instructions and special jury verdicts; so that such matters may be heard and resolved at this conference.  At least 5 days prior to this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter 7 Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter 7 Rules.  Such sanctions may be on a party or if appropriate on counsel for such party.

This is not a complete delineation of the Chapter 7 Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

### *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth St., Los Angeles 90005).  This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court 1800 et seq.  Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

# LOS ANGELES SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) PROGRAMS

CRC 201.9(c)
Information about Alternative Dispute Resolution

The plaintiff shall serve a copy of the ADR Information package on each defendant along with the complaint.

## ADR PROGRAMS

"Alternative Dispute Resolution (ADR)" is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes such as arbitration, mediation and settlement conferences are less formal than court and provide opportunities for litigants to reach an agreement using a problem-solving approach rather than the more adversarial approach of litigation.

**MEDIATION**     A neutral third party called a "mediator" helps participants in the dispute create their own resolution. The mediator helps facilitate a discussion in which the parties reach a mutually agreed upon settlement. Therefore, mediation allows for more creative resolutions to disputes than other ADR processes.

The Court Mediation Program is governed by Code of Civil Procedure (CCP) 1775-1775.15, California Rules of Court (CRC) 1620-1622 and 1630-1639, Evidence Code 1115-1128, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**ARBITRATION**     A neutral third party called an "arbitrator" listens to each side in the dispute present its case. The arbitrator, who is an attorney, issues a decision based on the evidence. Although evidence is presented, arbitration is a less formal process than litigation. The decision is non-binding unless the parties agree in writing to binding arbitration.

The Court Arbitration Program is governed by Code of Civil Procedure (CCP) 1141.10-1141.31, California Rules of Court (CRC) 1600-1618, and Los Angeles Superior Court (LASC) Rules Chapter 12.

**SETTLEMENT**     A neutral third party called a settlement officer, who is also a retired judge, assists the parties in
**CONFERENCE**     negotiating their own settlement and may evaluate the strengths and weaknesses of the case.

## JURISDICTIONAL LIMITATIONS

**MEDIATION &**     Any case in which the amount in dispute is between $25,000-$50,000 per plaintiff, and was not
**ARBITRATION**     previously referred to the Court ADR Program, can be sent to the Court ADR Program for mediation or arbitration by stipulation, election by plaintiff or order of the court.

Parties may *voluntarily* request or initiate a mediation or arbitration proceeding, regardless of the amount in dispute.

**SETTLEMENT**     Any case, regardless of the amount in dispute, may be ordered to a settlement conference.
**CONFERENCE**     There is no monetary limit.

## REFERRAL INFORMATION

After the Court determines the suitability of a case for ADR, the Court directs the parties to the ADR Department to initiate the ADR process. Once the parties have completed the ADR intake forms, a Neutral may be selected.

ADR 005 10-03
LASC Approved
(Rev. 07-05)

Page 1 of 2

## NEUTRAL SELECTION

Parties may select a mediator or arbitrator from the Court Party Pay Panel or Pro Bono Panel or may hire someone privately, at their discretion. Parties are assigned to a settlement officer by court staff.

**PARTY PAY PANEL**    The Party Pay Panel consists of mediators and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRO BONO PANEL**    The Pro Bono Panel consists of trained mediators and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel and experienced mediators and arbitrators who make themselves available pro bono. Mediators and arbitrators donate their time to the courts as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the mediator or arbitrator if the parties consent in writing.

**PRIVATE NEUTRAL**    The market rate for private neutrals can range from $200-$1,000 per hour.

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

# LOS ANGELES COUNTY
## DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

> **DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

## THIS IS A TWO-SIDED DOCUMENT.

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

| A Mediator helps parties. . . | A Mediator does not... |
|---|---|
| ♦ Have productive discussions | ♦ Provide advice or opinions |
| ♦ Avoid or break impasses | ♦ Offer legal information |
| ♦ Defuse controversy | ♦ Make decisions for parties |
| ♦ Generate options that have potential for mutual gain | ♦ Represent or advocate for either side |
| ♦ Better understand each other's concerns and goals | ♦ Judge or evaluate anyone or anything |
| ♦ Focus on their interests rather than their positions | ♦ Conduct research |
| | ♦ "Take Sides" |

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-Income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

---

### Dispute Resolution Programs Act (DRPA) Grants Administration Office
### (213) 738-2621
**(The DRP Office is not a Superior Court Office. Consult your phone directory to locate the number of the Court Office on your summons.)**

---

## THIS IS A TWO-SIDED DOCUMENT.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF. |
| DEFENDANT |

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER. |
|---|---|

The undersigned parties stipulate to participate in Alternative Dispute Resolution (ADR) in the above-entitled action, as follows:

1. **ALTERNATIVE DISPUTE RESOLUTION PROCESS:**
   - ☐ Mediation
   - ☐ Non-Binding Arbitration
   - ☐ Binding Arbitration
   - ☐ Settlement Conference
   - ☐ Other ADR Process (describe): _____

2. **NEUTRAL:**
   - ☐ **Court Panel:** The parties request the assignment of one of the following neutrals from the Court's

      ☐ Pro Bono Panel (no charge to the parties for the first 3 hours of hearing time)
        - ☐ **The parties request that the ADR Clerk select the neutral.**

      **If neither choice of neutral is available, the Court's ADR Office will select the neutral.**

      ☐ Party Pay Panel ($150.00 per hour charge to the parties for the first 3 hours of hearing time)

   *First choice:* _____    *Alternate:* _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ **Additional signature(s) on reverse**

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| Short Title | Case Number |
|---|---|
| | |

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

**Name of Stipulating Party**
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**Name of Party or Attorney Executing Stipulation**

**Signature of Party or Attorney**

---

ADR 001 10-04
LASC Approved

### STIPULATION TO PARTICIPATE IN
### ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 201.9
Page 2 of 2

1   CRAIG G. STAUB, Bar No. CA 172857
    LITTLER MENDELSON
2   A Professional Corporation
    2049 Century Park East
3   5th Floor
    Los Angeles, CA 90067.3107
4   Telephone:   310.553.0308
    Fax No.:    310.553.5583
5
    Attorneys for Defendants
6   UAL CORPORATION, FRANK COLOSI AND
    JONI TERAGAWACHI
7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB -7 2006

John A. Clarke, Executive Officer/Clerk

By _____ ,Deputy
        L. ZULUETA

8                       SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                 COUNTY OF LOS ANGELES

10  DONNA M. TRAPP, an individual,            Case No.  BC 341429

11                      Plaintiff,

12          v.                                SUGGESTION OF BANKRUPTCY AND
                                              NOTICE OF DISCHARGE
13  UAL CORPORATION aka UNITED
14  AIRLINES; JONI TECHAWASHI;
    FRANK COLOSI; JO MARGOLF; and
15  DOES 1 to 25, Inclusive,

16                      Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:80801852.1 045589.2055

SUGGESTION OF BANKRUPTCY

1    TO THE CLERK OF THE COURT AND PLAINTIFF DONNA M. TRAPP IN PRO PER:

2      **PLEASE TAKE NOTICE** that on the 9th day of December 2002, the United States

3 Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court"),

4 entered an Order for Relief under Title 11 of Chapter 11 of the United States Code in each of the

5 following cases:

6      UAL Corporation, Case No. 02-48191;
7      UAL Loyalty Services, Inc., Case No. 02-48192;
     Confetti, Inc., Case No. 02-48193;
8      Mileage Plus Holdings, Inc., Case No. 02-48194;
     Mileage Plus Marketing, Inc., Case No. 02-48195;
9      MyPoints.com, Inc., Case No. 02-48196;
     Cybergold, Inc., Case No. 02-48197;
10      iTarget.com, Case No. 02-48198;
11      MyPoints Offline Services, Inc.; Case No. 02-48199;
     UAL Company Services, Inc., Case No. 02-48200;
12      Four Star Leasing, Inc.; Case No. 02-48201
     UAL Benefits Management, Inc.; Case No. 02-48202;
13      Domicile Management Services, Inc.; Case No. 02-48203;
14      Air Wisconsin, Inc.; Case No. 02-48204
     Air Wis Services, Inc.; Case No. 02-48205
15      United BizJet Holdings, Inc., Case No. 02-48206;
     BizJet Charter, Inc., Case No. 02-48207;
16      BizJet Fractional, Inc., Case No. 02-48208;
     BizJet Services, Inc., Case No. 02-48209;
17      United Airlines, Inc., Case No. 02-48210;
18      Kion Leasing, Inc., Case No. 02-48211;
     Premier Meeting and Travel Services, Inc., Case No. 02-48212;
19      United Aviation Fuels Corporation, Case No. 02-48213;
     United Cogen, Inc., Case No. 02-48214;
20      Mileage Plus, Inc., Case No. 02-48215;
     United GHS, Inc., Case No. 02-48216;
21      United Worldwide Corporation, Case No. 02-48217;
22      United Vacations, Inc., Case No. 02-48218; (collectively, the "Debtors").

23      **PLEASE TAKE FURTHER NOTICE** that pursuant to 11 U.S.C. § 362(a), the

24 Debtors' filing of their respective voluntary petitions operates as a stay, applicable to all entities, of,

25 among other things: (a) the commencement or continuation of all judicial, administrative, or other

26 actions or proceedings against the Debtors (i) that were or could have been commenced before the

28 commencement of the Debtors' cases or (ii) to recover any claims against the Debtors that arose

1 before the commencement of the Debtors' cases; (b) the enforcement, against the Debtors or against

2 any property of the Debtors' bankruptcy estates, of a judgment obtained before the commencement

3 of the Debtors' cases; or (c) any act to obtain possession of property of or from the Debtors'

4 bankruptcy estates, or to exercise control over property of the Debtors' bankruptcy estates.

5

6      **PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court entered an order

7 (the "Confirmation Order") on January 20, 2006 (the "Confirmation Date") confirming the *Debtors'*

8 *Second Amended Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy*

9 *Code* (the "Plan").[1]  On February 1, 2006, the Plan became effective.  As set forth more specifically

10 therein, the terms of the Plan and the Plan Supplement are effective immediately upon entry of the

11 Confirmation Order and enforceable and deemed binding upon the Debtors, the Reorganized

12

13 Debtors, and any and all Holders of Claims or Interests (irrespective of whether such Claims or

14 Interests are impaired under the Plan or whether the Holders of such Claims or Interests accepted or

15 are deemed to have accepted the Plan), all entities that are parties to or are subject to the settlements,

16 compromises, releases, discharges, and injunctions described in the Plan or herein, each Person

17 acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and

18 unexpired leases with the Debtors.

19

20      A copy of the Confirmation Order, which has the Plan attached thereto as Exhibit A,

21 can be obtained from the Debtors' private website: http://www.pd-ual.com or by written request to

22 the Debtors' Solicitation Agent: Poorman-Douglas Corporation, Attn:  UAL Balloting, 10300 SW

23 Allen Boulevard, Beaverton, Oregon 97005; telephone (877) 752-5527.

24

25

26

27 _____

[1]   All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Plan or the
28   Disclosure Statement, as applicable.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

Firmwide:80801852.1 045589.2055                    2.

SUGGESTION OF BANKRUPTCY

1    This Notice discusses certain key relevant future dates and deadlines with respect to

2    the Plan. This discussion is supplemented by, and entirely subject to, the terms of the Confirmation

3    Order and Plan themselves which shall govern in all events.

4

5        **PLEASE TAKE FURTHER NOTICE** that pursuant to 11 U.S.C. § 1141(d) and the

6    terms of the Plan, the Bankruptcy Court's entry of the Confirmation Order discharges and releases

7    the Debtors from Claims and Causes of Action of any nature whatsoever, including any interest

8    accrued on Claims from and after the Petition Date, whether known or unknown, against, liabilities

9    of, liens on, obligations of, rights against, and Interests in, the Debtors or any of their assets or

10   properties, regardless of whether any property shall have been distributed or retained pursuant to the

11   Plan on account of such Claims, rights, and Interests, including, without limitation, demands,

12   liabilities, and Causes of Action that arose before the Confirmation Date, any liability (including

13   withdrawal liability) to the extent such Claims relate to services performed by employees of the

14   Debtors prior to the Confirmation Date and that arise from a termination of employment or a

15   termination of any employee or retiree benefit program regardless of whether such termination

16   occurred prior to or after the Confirmation Date, and all debts of the kind specified in Sections

17

18   502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (i) a Proof of Claim or

19   Interest based upon such debt, right, or Interest is Filed or deemed Filed pursuant to Section 501 of

20   the Bankruptcy Code, (ii) a Claim or Interest based upon such debt, right, or Interest is allowed

21   pursuant to Section 502 of the Bankruptcy Code, or (iii) the Holder of such a Claim, right, or Interest

22   has accepted the Plan.

23

24

25

26

27

28

Firmwide:80801852.1 045589.2055             3.

SUGGESTION OF BANKRUPTCY

1    **PLEASE TAKE FURTHER NOTICE** that pursuant 11 U.S.C. § 524(a) and the

2    terms of the Plan, the discharge operates as an injunction against the commencement or continuation

3    of an action, the employment of process, or an act, to collect, recover or offset any debt that is

4    discharged under the Plan.

5

6    Dated: February 7, 2006

7

8

9                                   CRAIG G. STAUB
                                    LITTLER MENDELSON
10                                  A Professional Corporation
                                    Attorneys for Defendants
11                                  UAL CORPORATION, FRANK COLOSI
                                    AND JONI TERAGAWACHI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

1

2          I am employed in Los Angeles County, California. I am over the age of eighteen

3  years and not a party to the within-entitled action. My business address is 2049 Century Park East,

4  5th Floor, Los Angeles, California 90067.3107. I am readily familiar with this firm's practice for

5  collection and processing of correspondence for mailing with the United States Postal Service. On

6  February 7, 2006, I placed with this firm at the above address for deposit with the United States

7  Postal Service a true and correct copy of the within document(s):

8          **SUGGESTION OF BANKRUPTCY AND NOTICE OF**
           **DISCHARGE**
9

10         in a sealed envelope, postage fully paid, addressed as follows:

11  Donna M. Trapp, In Pro Per
    6615 Pacific Avenue
12  Apt. 101
    Playa Del Rey, CA 90292

13         Following ordinary business practices, the envelope was sealed and placed for

14  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

15  the United States Postal Service on this date.

16         I declare under penalty of perjury under the laws of the State of California that the

17  above is true and correct.

18         Executed on February 7, 2006, at Los Angeles, California.

19

20

21                                         Barbara Nikitas

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553 0308

B 104
(Rev. 8/99)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

ADVERSARY PROCEEDING NUMBER
(Court Use Only)

| PLAINTIFFS<br>DONNA M. TRAPP, IN PRO PER | DEFENDANTS<br>UAL CORPORATION aka UNITED AIRLINES, FRANK COLOSI AND JONI TERAGAWACHI   FILED |
|---|---|
| Address<br>6615 Pacific Avenue<br>Ap. 101<br>Playa Del Rey, CA 90292 | Address    FEB - 8 2006<br><br>CLERK, U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>Deputy Clerk |
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Donna M. Trapp, In Pro Per<br>6615 Pacific Avenue<br>Apt. 101<br>Playa Del Rey, CA 90292 | ATTORNEYS (if Known)<br>Craig G. Staub<br>Littler Mendelson<br>2049 Century Park East<br>Fifth Floor<br>Phone: 310. 553.0308          Fax: 310.553.5583 |

**PARTY** (Check one box only)    ☐ I U.S. PLAINTIFF    ☒ 2 U.S. DEFENDANT    ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for discrimination and harassment on the basis of age and disability..
Removal to Bankruptcy court from State Court pursuant to 28 U.S.C §§ 1452, 1441 and 1334.

## NATURE OF SUIT
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454  To Recover Money or Property | ☐ 455  To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 | ☐ 456  To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435  To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426  Plan To determine the dischargeability of a debt 11 U.S.C. § 523 | |
| ☐ 458  To obtain approval for the sale of both the interest of the estate and of a co- owner in property | ☐ 434  To obtain an injunction or other equitable relief | ☐ 459  To determine a claim or cause of action removed to a bankruptcy court |
| ☐ 424  To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457  To subordinate any allowed claim or interest except where such subordination is provided in a | ☒ 498  Other (specify) Employment Litigation |

| **ORIGIN OF PROCEEDINGS** (Check one box only) | ☐ 1 Original Proceeding | ☒ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND**<br>$ None specified | OTHER RELIEF SOUGHT<br>N/A | ☐ JURY DEMAND |
|---|---|---|

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>UAL Corporation | BANKRUPTCY CASE NO.<br>02-48191 |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISIONAL OFFICE | NAME OF JUDGE<br>Judge Eugene Wedoff |
|---|---|---|

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF<br>Donna M. Trapp | DEFENDANT<br>UAL | ADVERSARY PROCEEDING NO.<br>LA 0302824ES |
|---|---|---|

| DISTRICT<br>Central | DIVISIONAL | NAME OF JUDGE<br>Erithe A. Smith |
|---|---|---|

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>February 7, 2006 | PRINT NAME<br>Craig G. Staub | SIGNATURE OF ATTORNEY OR PLAINTIFF) |
|---|---|---|

American LegalNet, Inc.    www.USCourtForms.com